Varnell *v.* Varnell.

4-7398     182 S. W. 2d 466

Opinion delivered October 9, 1944.

712

*Jim C. Cole* and *D. D. Glover*, for appellant.

Robins, J. To reverse a decree of the lower court granting appellee an absolute divorce and divesting appellant of all marital interest in the property of appellee, appellant prosecutes this appeal.

These parties were married in 1903. They were the parents of six children, all of whom are now of lawful age. On July 1, 1934, appellant and appellee separated. In his suit for divorce, instituted in 1943, appellee alleged that appellant was guilty of such cruelty (consisting of fussing and nagging) toward appellee as to render his life intolerable and that they had lived separate and apart for more than three years before the filing of the suit. These allegations were denied by appellant.

While appellee testified that his wife fussed and nagged at him, there was no corroboration whatever of this charge, and it was not sustained by the chancellor, who based his decree on a finding that ''the parties have lived separately and apart for more than three years last past.''

Only one witness, W. D. Daniels, a son-in-law of these parties, was introduced on behalf of appellee. While Mr. Daniels testified in general terms that appellant and appellee had not lived together since 1934, he corroborated in some degree the testimony of appellant as to a temporary reconciliation in 1942.

Appellant testified that in July, 1942, after they had been living apart for several years, appellant and appellee agreed to and did, for a short time, resume their relation as husband and wife; that he came to her home at this time and spent the night, occupying the same bed with her and that marital intercourse occurred on this occasion; that she would have continued to live with him, but for the fact that she discovered after the reconciliation that he was paying undue attention to another woman.

R. H. Banks, a neighbor, testified that in July of 1942 he saw appellee at appellant's home; that appellee's car was there "about dark"; that he saw appellee early the next morning come out of appellant's house, get in his car and leave.

Appellee did not deny spending the night at his wife's home in July, 1942, but testified: "I slept in the back room." He did not deny that he had sexual intercourse with his wife while spending the night in her home at that time.

Thus the net effect of the testimony is: Appellant testified positively that the matrimonial relations between her and appellee were resumed in July, 1942, in pursuance of a reconciliation; appellee's witness, Daniels, corroborated her to some extent by testifying that he knew that such a reconciliation was being discussed; and appellant admitted that he spent two nights in the same house with his wife in July, 1942, without specifically denying that he had intercourse with her while there on that occasion.

We hold that a clear preponderance of the evidence supports appellant's contention that the continuity of the separation was broken by "cohabitation" in July, 1942.

The statute relied on by appellee herein (sub-division seven of § 2 of Act No. 20 of the General Assembly of Arkansas, approved January 27, 1939) authorizes the granting of a divorce "Where either husband or wife have lived separate and apart from the other for three consecutive years, *without cohabitation.*" (Italics ours.)

We held in *McClure* v. *McClure,* 205 Ark. 1032, 172 S. W. 2d 243, that the word ''cohabitation'' in this act was used by the Legislature in its popular sense, and meant ''sexual intercourse.''

Since the evidence established that within three years before the institution of this suit one or more acts of marital intercourse between the parties occurred, appellee failed to prove separation without cohabitation for three years, as he was required by the statute to do.

The decree of the lower court is accordingly reversed and this cause is remanded with directions to dismiss appellee's complaint for want of equity.