HANCOCK *v.* HANCOCK.

5-239                                      262 S. W. 2d 881

Opinion delivered December 21, 1953.

*Terrell Marshall,* for appellant.

*Talley & Owen, Wayne W. Owen, Dale Price* and *L. Gene Worsham,* for appellee.

J. SEABORN HOLT, J. After approximately twenty years of married life with appellant, appellee, on September 24, 1951, came to Little Rock, Arkansas, from their home in Bluefield, West Virginia, and on December 17, 1951, filed suit for divorce, alleging as a ground therefor, three years separation without cohabitation, § 34-1202, Ark. Stats., 1947. Later on March 1, 1952, he amended his complaint and alleged the additional ground of indignities.

Appellant's answer was a general denial and specifically pleaded lack of jurisdiction and condonation.

Trial, on testimony from written depositions only, resulted in a decree granting a divorce to appellee on January 29, 1953, and an allowance to appellant of $100 per month alimony. The decree stated no specific ground on which the divorce was granted. This appeal followed.

Conceding, without deciding, that appellee had established a *bona fide* residence here at the time suit was filed and the decree rendered, we pass to appellant's contention that appellee has failed to establish, by a preponderance of the testimony, separation for three years without cohabitation, or indignities, that would warrant a decree of divorce to him. After a careful review of all of the

evidence, we have concluded that appellant's contention must be sustained.

The record reflects that the parties here were married in August, 1932, and with the exception of the first year of their marriage, when they lived in the home of appellee's parents, they had lived together as husband and wife in an apartment in Bluefield. At no time had either party expressed a desire for divorce or had there been a legal separation. But, Mrs. Hancock did obtain an order, —still in effect, —from a West Virginia court allowing her $100 per month support money. There was testimony on the part of appellant that up to August, 1951, they cohabited as husband and wife. Appellee was away from home on numerous occasions, on business and on many drinking sprees, and because of several confinements in various alcoholic institutions. They got along well at their home when appellee was not traveling and was sober. He was kind to appellant, considerate, brought her gifts, and furnished groceries. They occupied the same bedroom and cohabitated together up to August, 1951. Appellant's daughter, Lysbeth Ann, by her first husband, had lived with her mother and stepfather since their marriage in 1932 and tended to corroborate her mother's testimony. Lysbeth was a college graduate and an employee in a Bluefield bank. There was other evidence tending to corroborate appellant.

Appellee frankly admitted that he had drunk whiskey to excess since his college days and that while he would stop at intervals, he has continued to drink intoxicants after 1947. He further frankly, if not boastfully, admitted that he had had adulterous relations with a number of other women, not only since 1951, but on many occasions in the past three to five years. While appellee denied that he had ever had intercourse or cohabited with appellant within the three years prior to his divorce suit here, his testimony lacks corroboration. That he had access to his wife is clearly shown by the evidence. In fact, appellee admitted that he spent some days and

nights in their apartment in October, 1950. With access admitted, marital relations will be presumed.

We do not attempt to detail more of the testimony. It suffices to say that the great preponderance thereof shows that appellee and appellant lived and cohabited together as husband and wife as late as August, 1951, well within the alleged three-year period. This was sufficient on the evidence presented to destroy the continuity of the three-year separation time as a ground for divorce. *McClure* v. *McClure,* 205 Ark. 1032, 172 S. W. 2d 243; *Buck* v. *Buck,* 205 Ark. 918, 171 S. W. 2d 939, and *Owen* v. *Owen,* 208 Ark. 23, 184 S. W. 2d 808.

On the question of indignities, but little need be said. This alleged ground, as above indicated, has been clearly cut off by condonation. In any event, the great preponderance, if not the undisputed testimony shows that appellee, with his admissions of his drunkenness and adultery, was guilty of such gross indignities as would preclude any claim for a divorce on this ground. Even if we were to concede that appellant was not altogether without blame, appellee was the first and chief offender and most to blame in their domestic difficulties. *James* v. *James,* 215 Ark. 509, 221 S. W. 2d 766.

We do not disturb the West Virginia court order above mentioned, which allowed appellant support money.

Accordingly, the decree is reversed and the cause remanded with directions to dismiss appellee's complaint for want of equity, with all costs in this court and in the trial court, including printing of appellant's brief and an additional fee for appellant's attorney of $150, to be paid by appellee.