CARR *v.* CARR.

5-946                                    289 S. W. 2d.899

Opinion delivered May 7, 1956.

*Mahony & Yocum* and *Stein & Stein,* for appellant.

*Spencer & Spencer,* for appellee.

GEORGE ROSE SMITH, J.  In the court below the appellee was granted a divorce upon the ground of personal indignities.  In her testimony she recounted several occasions on which her husband, the appellant, had cursed and beaten her.  It is now contended that this testimony was not corroborated, that the defenses of condonation and recrimination were established, and that the chancellor erred in his division of the couple's property.

When there is plainly no collusion in the case the corroborative proof need not be especially strong. *Kirk* v. *Kirk,* 218 Ark. 880, 239 S. W. 2d 6. A sister of the appellee stated that she had observed bruises assertedly resulting from the appellant's mistreatment of his wife. Another sister, who had lived next door to these litigants, testified that she had heard the appellant cursing the appellee and had seen him strike her, kick her, etc. This proof amply meets the requirement that the testimony of a party be confirmed.

Neither condonation nor recrimination was established as a defense. The plaintiff testified that she was forced to leave her husband several times before their final separation and that she returned to him as a result of his promises to improve his behavior in the future—promises that were not kept. Upon these facts the condonation was conditional and does not prevent the court from awarding the injured spouse a divorce. *Franks* v. *Franks,* 211 Ark. 919, 204 S. W. 2d 90. As to recrimination, the appellee was not blameless, but we do not think her actions serious enough to afford the appellant a ground for divorce. Hence the proof does not sustain the defense of recrimination. Davis, Mutual Misconduct in Arkansas Divorce, 3 Ark. L. Rev. 132, 137.

The chancellor took the view that the plaintiff was entitled to a half interest in all property standing in the defendant's name. In all but one particular this conclusion is supported by the weight of the evidence. The couple's home was owned as a tenancy by the entirety and was correctly ordered sold, the proceeds to be divided equally. Ark. Stats. 1947, § 34-1215. The appellee was employed during most of the marriage and contributed her earnings to the acquisition of furniture and other personal property. In these circumstances the chancellor was justified in holding that the appellee had an equal claim to the items so acquired. *McIlroy* v. *McIlroy,* 191 Ark. 45, 83 S. W. 2d 550.

The undisputed proof shows, however, that the appellant received $3,600 from his mother's estate a few

months before his wife left him for the last time. Although the appellant testified thàt most of this money had been dissipated before the suit was filed, the chancellor had good reason to disbelieve this testimony. The appellant stated, wholly without corroboration, that he put $1,000 in currency in a church collection plate and that two or three weeks later he lost $1,900 in a dice game. According to his own testimony he could not afford either outlay. The trial court was warranted in concluding that this money was being wrongfully concealed in an attempt to defraud the plaintiff of her marital interest in the fund. Nevertheless, since it is not suggested that the plaintiff contributed in any way to the acquisition of this money, her claim thereto does not extend beyond the one-third interest allowed by the statute. Ark. Stats., § 34-1214. The decree is too liberal in awarding her one-half of this $3,600.

The money judgment against the appellant must be reduced by $600, the difference between a third and a half of the money inherited by the appellant. As so modified the decree is affirmed, with an allowance of $150 to the appellee's counsel for their services in this court.