BRIMSON *v.* BRIMSON.

5-1280                                      304 S. W. 2d 935

Opinion delivered June 24, 1957.

[Rehearing denied Sept. 30, 1957]

*Robert W. Griffith* and *Fred A. Newth,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal presents the questions of (a) which spouse is entitled to a decree of divorce, and (b) what property and allowances should the wife receive.

The parties (Dr. and Mrs. Brimson) were married in 1934 and lived together for many years. In August, 1956, Mrs. Brimson filed suit for divorce on the ground of indignities (Fifth ground in § 34-1202 Ark. Stats.)* She also sought property rights and alimony (§ 34-1214 Ark. Stats.). Dr. Brimson denied her charges of indignities; cross-complained for divorce on the three-

---

* These sections were re-enacted by Acts numbered 161 and 348 of 1953.

year separation statute (Seventh ground in § 34-1202 Ark. Stats.):* claimed that he was the injured party; and that Mrs. Brimson was entitled to neither dower nor alimony. After hearing the witnesses, the Chancery Court entered a decree finding: (a) that Mrs. Brimson was not entitled to a divorce; (b) that Dr. Brimson was entitled to a divorce on the grounds of three years separation; (c) that Dr. Brimson was the injured party; (d) that Mrs. Brimson was not entitled to any dower or alimony; and (e) that Mrs. Brimson should receive only $100 attorney's fee and $10 court costs. The decree also affected property held by the parties in estate by entirety. From that decree Mrs. Brimson prosecutes this appeal; and we shall dispose of the issues under the hereinafter stated topic headings.

I. *Which Spouse Is Entitled to a Divorce?* Appellee says (a) that the Chancery Court granted Dr. Brimson a divorce under the three-year separation statute; (b) that appellant has not listed as one of her points on appeal any assignment that the Court was in error in such regard; and (c) that this Court, therefore, cannot review the decree granting Dr. Brimson a divorce. We do not agree with appellee's said contentions. Appellant's first point is: "The clear preponderance of the evidence entitled her to a divorce on the ground of indignities". We agree with appellant on her first point and hold that the Chancery Court should have awarded her a divorce.

The evidence shows that the parties were married in 1934; that after their marriage they lived in the back end of the Brimson Drug Store for about ten years; that later she moved into an upstairs apartment which he had furnished for her; that he continued living in the back of the drug store throughout their married life; that she worked in the drug store seven days a week during the 22 years duration of their marriage; that she did all of the cleaning of the drug store, the mopping of the floors, the keeping of the stock, the ordering, and the waiting on customers.

---

* These sections were re-enacted by Acts numbered 161 and 348 of 1953.

The evidence — amply corroborated as to specific instances — also shows that Dr. Brimson repeatedly abused and cursed his wife; that he cursed her in front of customers; that when she went down in the drug store in the morning, if she made any noise he would curse her; that if customers came in during such time he would yell at them to shut up and go home; that on at least three occasions he struck her; that he falsely accused her of unfaithfulness; and that such mistreatment of her by him went on consistently over the years and adversely affected her health.

We hold that Mrs. Brimson was entitled to a divorce on the ground of indignities; and such holding necessarily nullifies the Chancery Court decree awarding Dr. Brimson a divorce on the three-year separation statute. But, even so, we think it not amiss to point out that until five months before the filing of this suit, the parties continued to work together in the drug store; that she had an apartment in a nearby building, to which he had a key; and that he used her bathroom regularly. In other words, to all outward appearances, they were living together. How — under such circumstances—could it be held that these parties lived ''separate and apart from each other for three consecutive years,'' within the purview of our statute? Whether they had cohabitation is a disputed point; but, under the admitted facts, they certainly did not live ''separate and apart from each other''. So we reverse the decree awarding Dr. Brimson a divorce and award Mrs. Brimson a divorce on the ground of indignities.

II. *Property Rights.* The Chancery Court held that Dr. Brimson was the ''injured party'' under § 34-1202 Ark. Stats., as amended; and for that reason deprived Mrs. Brimson of all dower and allowances. Having found, as we have, that Mrs. Brimson is entitled to a divorce on the ground of indignities, it necessarily follows that she is the ''injured party'' and is entitled to dower and certain allowances, as hereinafter discussed.

(a) By the authority of § 34-1214 Ark. Stats. we award Mrs. Brimson one-third, absolutely, of all of the

1048

personal property of Dr. Brimson; and this includes, among other items, the merchandise and fixtures in the drug store, the cash on hand, and one-third of all other items of personal property.

(b) By authority of § 34-1214 Ark. Stats. we award Mrs. Brimson a life estate in one-third of all the real estate, the title to which is in Dr. Brimson only; and necessarily this carries with it one-third of the net rents and revenues from the said property for and during her natural life.

(c) There are several parcels of real estate owned by entirety by Dr. Brimson and Mrs. Brimson, and acquired subsequent to the effective date of Act No. 340 of 1947 (see § 34-1215 Ark. Stats.). Such real estate — with the exception of the 5-acre tract hereinafter to be discussed — may be sold on order of the Court, on motion of either party, and the net proceeds divided equally.

(d) *The 5-acre Tract.* The parties acquired an 80-acre parcel of land *prior* to the effective date of said Act No. 340 of 1947; so the 80-acre tract could not be sold except by mutual consent. But the parties acquired by entirety a 5-acre parcel of land *after* the effective date of Act No. 340 of 1947; and this 5-acre parcel was ordered sold and the proceeds divided. The evidence shows that the 5-acre parcel lies between the 80-acre parcel and the highway; that the 5-acre parcel is a means of entrance to the 80-acre parcel; and the sale of the 5-acre parcel would materially and adversely affect the sale of the 80-acre parcel. Under such circumstances, we hold that the 5-acre parcel and the 80-acre parcel should be handled together; and the 5-acre parcel should not be sold — absent mutual consent — until the 80-acre parcel is likewise sold.

(e) There are several parcels of real estate which are owned by the entirety and which were acquired *prior* to the effective date of Act No. 340 of 1947; and, under our holding in *Jenkins* v. *Jenkins*, 219 Ark. 219, 242 S. W. 2d 124, such parcels cannot be sold or par-

titioned — so as to pass a good and clear title — during joint lifetime of the parties, unless both consent thereto. In the decree from which comes this appeal, the Trial Court gave Dr. Brimson the exclusive custody, control and management of these parcels, with right to rent and lease them, collect the rents, and then divide the net proceeds. Dr. Brimson was shown to be a man who never kept any books of accounts. He concealed his money in secret hiding places and rarely, if ever, used a bank. Under such conditions it would be almost impossible for Mrs. Brimson, or any other person, to know whether she was receiving her just portion of the net proceeds. Therefore, on remand, if the parties cannot agree on a mutual third person to handle these parcels, or cannot mutually agree to a sale, then the Chancery Court should appoint some suitable person or rental agency as receiver.

(f) *Rents Since Filing Of Suit.* Mrs. Brimson filed this suit on August 8, 1956, and she is entitled to her net portion of all of the rents received from all the entirety properties since that date. The Trial Court refused her this relief; but on remand Dr. Brimson should be required to account for all such items and to pay Mrs. Brimson her portion.

III. *Alimony, Attorney's Fees, And Court Costs.* Having made the property awards herein, we hold that these awards are sufficient and that Mrs. Brimson is not entitled to alimony (§ 34-1211 Ark. Stats.); but we hold that she is entitled to a total of $500 attorney's fees, and is also entitled to recover all costs of all courts to the present time, with future costs to be determined as such costs may arise.

## CONCLUSION

The decree is reversed and the cause is remanded, with directions to enter a decree in accordance with this opinion, and for further proceedings not inconsistent herewith.