YANCEY v. YANCEY.

5-2664                                           356 S. W. 2d 649

Opinion delivered April 23, 1962.

[Rehearing denied May 21, 1962.]

*W. S. Atkins,* for appellant.

*Weisenberger & Wilson,* by *Royce Weisenberger,* for appellee.

CARLÉTON HARRIS, Chief Justice. Appellant, Andrew Vernon Yancey, instituted suit against appellee, Pauline Marie Yancey, for divorce, alleging indignities. Mrs. Yancey filed an answer and cross-complaint alleging indignities. The parties had married in 1957, and had subsequently purchased a home, which had been deeded to them, and which was held, as an estate by the entirety. On trial, the court granted appellee an absolute divorce, and *inter alia,* made the following findings:

"That on August 1, 1957, they mortgaged this property to the Hope Federal Savings and Loan Association of Hope, Arkansas, which has a first mortgage on this property, on which the balance including unpaid insurance premiums and taxes, was $3,090.74 at the time of trial,[1] that Mrs. Ann Stovall, a sister of the Plaintiff, let them have $1,000.00 without interest to make the down payment on the place; that at a later date, she loaned

---

[1] The property was valued at $6,000.00.

them $426.41, making a total of $1,426.41; that $875.00 of this loan was paid back to Mrs. Stovall, leaving a balance of $551.41;

That another sister, Mrs. Zillah Y. Irby loaned them $138.88 to make the August and September, 1958, payments on the place;

That the $551.41 is still due and payable to Mrs. Stovall and $138.88 is due and payable to Mrs. Zillah Y. Irby; * * *

That the defendant was the principal bread winner of the family; that she earned considerable more money than did the plaintiff; that she also paid more of the utility bills and grocery bills than did the plaintiff;

That plaintiff is entitled to his Watch Repair Shop and the equipment thereof; that he is entitled to his automobile;

That defendant should pay $551.41 to Mrs. Stovall and $138.88 to Mrs. Zillah Y. Irby; that she is entitled to the home, subject to the lien existing against said property; that she is entitled to plaintiff's interest in said home; that plaintiff is ordered and directed to give defendant a quitclaim deed to his interest in said home; * * *."

From the decree so entered, appellant brings this appeal, the appeal relating only to the findings and order entered relative to property rights. Appellee cross-appeals from that portion of the decree divesting her of any interest in the personal property of appellant, directing her to pay the amounts, heretofore set out, to Mrs. Stovall and Mrs. Irby, failing to allow judgment for an amount of money in her savings account allegedly turned over to appellant, and failing to allow an additional attorney's fee.

It is necessary that this decree be reversed, because the court exceeded its authority in directing appellant to give appellee a quitclaim deed to his interest in the home held as an estate by the entirety. The Chancellor

was evidently undertaking to arrive at an equitable solution relative to property rights in making his findings, and we find nothing erroneous purely from the standpoint of equity; however, we have stated on several occasions that in event of a divorce, property held as an estate by the entirety shall be treated as a tenancy in common. The court may then do one of two things; it may place one of the parties in possession of the premises, or it may order the property sold and the proceeds divided. As to the first choice, this Court, in *McClain* v. *McClain,* 222 Ark. 729, 263 S. W. 2d 911, said:

"Appellant argues that the trial court erred in directing appellee to pay him only $25.00 per month as his half of the rental value of the real estate (2 acres) which they own as tenants by the entirety and was occupied as their homestead, and says that there is no evidence as to rental value of this property and that the court's action was arbitrary. We do not agree.

On the facts presented, it was within the discretion of the trial court to award this entire homestead tract, its use, benefits and occupancy to appellee for her life, without allowing appellant any rental, and subject only to the right of survivorship of appellant. Appellant, therefore, is in no position to complain. We said in *Heinrich* v. *Heinrich,* 177 Ark. 250, 6 S. W. 2d 21, where a similar question of the possession of a homestead held by entirety was involved:

'Appellant contends, under the rules announced in the two cases cited, that the power and authority of the trial court was limited to making a division of the rents thereafter accruing from the property in question between appellant and appellee. This would be true with reference to any lands not embraced in the homestead, but not as to homestead land. There is nothing on the face of the record to show that the five-acre tract in question was not a homestead, so we must indulge the presumption that the testimony reflected that fact. This presumption brings the case clearly within the rule announced in *Woodall* v. *Woodall,* 144 Ark. 163, 221 S. W.

463, to the effect that courts may award to the innocent party in divorce suits the possession, for a limited time, or absolutely (meaning for life), of a homestead held by entirety.' "

As to the second choice, in *Brimson* v. *Brimson*, 227 Ark. 1045, 304 S. W. 2d 935, we said:

"There are several parcels of real estate owned by entirety by Dr. Brimson and Mrs. Brimson, and acquired subsequent to the effective date of Act No. 340 of 1947 (see § 34-1215 Ark. Stats.). Such real estate—with the exception of the 5-acre tract hereinafter to be discussed—may be sold on order of the Court, on motion of either party, and the net proceeds divided equally."

See also *Carr* v. *Carr*, 226 Ark. 355, 289 S. W. 2d 899, where this Court stated: "The couple's home was owned as a tenancy by the entirety, and was correctly ordered sold, the proceeds to be divided equally. Ark. Stats. 1947, § 34-1215."

Since, in determining the equities between the parties, the court's findings as to personal property may well have been influenced and affected by its disposition of the real estate, we remand the case with directions that the trial court render anew its findings relative to the property rights of the parties, in the light of our holding as to the real estate. This disposition precludes our passing upon the cross-appeal.

Appellee's attorney complains that the fee awarded by the lower court was inadequate, and asks that we increase the amount allowed; an additional fee for services rendered on appeal is likewise requested. Taking into consideration appellant's handicap (he was afflicted with polio at age eight and cannot walk without braces and crutches), the fact that his income is very limited and amounts to quite a bit less than that of his ex-wife, and the fact that this case is being reversed, we

do not feel that an additional amount for services on appeal should be awarded. On remand, the court may give further consideration to the amount of fee awarded, if it so desires.

McFADDIN, J., not participating.