Helen Loretta McIntyre *v.* Leon Bennett McIntyre

5-4051                                          410 S. W. 2d 117

Opinion delivered December 12, 1966

[Per Curiam order denying rehearing January 23, 1967, p. 835.]

*Neva B. Talley,* for appellant.

*Fulk, Wood, Lovett, Parham & Mayes,* for appellee.

Osro Cobb, Justice. On April 24, 1962, appellant was granted a decree of absolute divorce from appellee. Appellant was awarded custody of the children and was given an allowance of $20.00 per week for their support. Appellant waived any claim to alimony. The decree of divorce incorporated therein the terms of an oral property settlement agreement of the parties.

On November 5, 1965, appellee filed a petition for an order directing appellant to convey to appellee all of her interest in certain real estate held by the parties by the entirety at the time of the decree of divorce.

On November 12, 1965, appellant filed a detailed

response to appellee's petition, claiming an undivided one-half interest in the real estate and agreeing to the sale of same provided she be allowed to receive one-half of the proceeds from such sale.

Both parties testified at the hearing, which was held on January 12, 1966. On March 23, 1966, approximately four years after the original decree of divorce, the Chancellor entered a supplemental decree ordering and directing appellant to execute and deliver to appellee a quitclaim deed as to her interest in the real estate held by the entirety, and appellant was directed to comply with the order within thirty days of the entry of the decree. From this decree comes this appeal.

We quote the pertinent provisions of the original decree containing a property settlement agreement between the parties:

"That the defendant owns the following property: one 1960 Ford Falcon automobile; various household furniture and appliance; thirty-nine (39) shares of American Telephone and Telegraph stock and realty described as a forty acre farm and dwelling home, said legal description being: NE¼ NW¼ Sec. 23 Twp. 3 N., Range 16 W, Pulaski County, Arkansas.

"That the parties hereto have agreed to the following property settlement: That the plaintiff is to receive the 1962 Ford Falcon automobile on which there remains an unpaid mortgage. The plaintiff (appellant) is to make payments on the car note for the months of April, May and June, 1962, and thereafter the defendant is to make the monthly payments until said car note shall have been paid in full. The defendant (appellee) is to receive the 1960 Ford Falcon automobile. The plaintiff is to receive the thirty-nine shares of American Telephone and Telegraph stock on which there is a remaining balance owed and the defendant has

agreed to pay this balance by July, 1962. The plaintiff is to receive all furniture and appliances and that the *plaintiff shall remain in possession of the realty described in enumerated paragraph VI above until the balance due on the American Telephone and Telegraph shares of stock has been paid in full, or until the realty is sold, whichever occurs first.* * * *" (Emphasis ours)

We now quote the pertinent provisions of the supplemental decree:

"1. A decree was entered on April 24, 1962, under which a divorce was granted to the plaintiff, and in which the court found that parties hereto had entered into a property settlement agreement. 'Said decree recites that defendant owned certain personal property together with a 40-acre farm and dwelling house described as: The NE¼ NW¼ Sec 23, T3N R16W, Pulaski County, Arkansas. By the terms of said decree the court retained jurisdiction for the purpose of enforcing the equitable rights of the parties hereto.

"2. 'The court finds said decree erroneously recited the sole ownership of said real estate as being in the defendant, *when in fact the title thereto had been vested in said husband and wife jointly as an estate by the entirety.* (Emphasis ours)

"3. 'The court further finds that under said property settlement agreement the defendant, in consideration of the transfer of certain personal property to the plaintiff, was to become the sole owner of said real estate free and clear of any and all claims thereto on the part of the plaintiff, and that plaintiff undertook to and obligated herself by the terms of said agreement to convey to the defendant by appropriate means all of her right, title and interest in and to said real estate.

"4. 'The court finds that the defendant fully discharged his obligations to the plaintiff under said property settlement agreement by delivering to her all the property described therein which was to be received by her in accordance with the agreement.

"5. 'The court finds that the plaintiff has failed to convey her interest in said real estate to the defendant in accordance with the property settlement agreement, but is in fact now asserting in this action that she is still an owner with respect to said property by virtue of the deed which originally created the estate by entirety.

" 'It is therefore by the court considered, ordered, adjudged and decreed that Helen Loretta McIntyre execute and deliver to Leon Bennett McIntyre a quitclaim deed conveying to the said Leon Bennett McIntyre the NE¼ NW¼ Sec. 23, T3N, R16W, Pulaski County, Arkansas, and that she perform said act within 30 days from the date of this decree' ''.

The language of the original decree provided no dispositive action as to the real estate here at issue. It did place appellant in possession of the real estate pending sale. The supplemental decree substantially added to and reformed the original decree in that it ordered appellant to quitclaim all of her interest to appellee in the realty which was held by the entirety.

We have examined the evidence in this case to determine whether the Chancellor was in fact authorized, under such evidence and our general rules applicable to reformation of contractual agreements, to enter the supplemental decree stripping appellant of her interest in the real estate.

We have consistently held that reformation of a contractual agreement will not be granted except upon clear, unequivocal and decisive evidence. *Realty Invest-*

*ment Company* v. *Higgins,* 192 Ark. 423, 91 S. W. 2d 1030 (1936). In *Corey* v. *The Mercantile Insurance Company of America,* 205 Ark. 546, 169 S. W. 2d 655 (1943), we quoted the applicable rule with approval, as follows:

> "To entitle a party to reform a written instrument upon the grounds of mistake, it is essential that the mistake be mutual and common to both parties; in other words, it must be found from the testimony that the instrument as written does not express the contract of either of the parties. It is also necessary to prove such mutual mistake by testimony which is clear and decisive before a court of equity will add to or change by reformation the solemn terms of a written instrument."

Appellant brought the original suit and the court decreed that she had just cause for a dissolution of the bonds of matrimony, and that appellee was guilty of such indignities as to render her condition in life intolerable. Appellant was given custody of the children and an allowance of $20.00 per week for child support. It is significant, in reviewing the property settlement, that appellant waived any claim to alimony.

We are thus presented with a situation where this appellant, the injured party below, and who had waived any claim to alimony, was given possession of the home place, the real estate, in the original decree and, some four years later, she is ordered by a supplemental decree to execute and deliver to appellee her quitclaim deed to her interest in th real estate held by the parties by the entirety. In *Carr* v. *Carr,* 226 Ark. 355, 289 S. W. 2d 899 (1956), we said:

> "The couple's home was owned as a tenancy by the entirety and was correctly ordered sold, the proceeds to be divided equally."

The Carr case, *supra,* is bottomed upon a specific statute. Ark. Stat. Ann. § 34-1215 (Repl. 1962).

The real estate held by the entirety represented approximately three-fourths of the total value of the community estate of the parties at the time of divorce. Appellant, who had waived her claims to alimony, adamantly insisted in her testimony that she had never agreed to also renounce her established interest in the real estate. We view her testimony as both clear and reasonable. After examining all of the testimony upon de novo review, we have concluded that the evidence is neither clear nor convincing as to any intent of the parties litigant to agree to such an obviously inequitable result as that requiring appellant to surrender to appellee all of her rights in the real property held by the entirety.

We have further concluded that equity requires that appellant's claim to her interest by the entirety in the real estate be confirmed and that upon sale of the property, appellant shall receive one-half of the net proceeds of such sale. Furthermore, as provided in the original decree, appellant's possession of the property may not be disturbed prior to sale.

The supplemental decree of March 23, 1966 is reversed and vacated as to all matters, except the finding that the realty was held by the parties by the entirety, and it is ordered that a corrective decree be entered not inconsistent with this opinion. It is so ordered.

Reversed and remanded with directions.

[Per Curiam order denying petition for rehearing delivered January 23, 1967, p. 835.]