Plesse WARREN *v.* Lavern WARREN

CA 83-193                                      665 S.W.2d 909

Court of Appeals of Arkansas
Division II
Opinion delivered March 21, 1984

*Davis & Cox*, by: *James O. Cox*, for appellant.

No reponse filed.

DONALD L. CORBIN, Judge. Appellee, Lavern Warren, instituted this action by filing a complaint for divorce seeking a divorce, possession of certain items of personal property and one-half of her interest in the sale proceeds of real property owned by the parties as tenants by the entirety. Appellant, Plesse Warren, answered and filed a cross-complaint seeking an adjudication of property rights similar to that requested by appellee. Appellant later withdrew his cross-complaint and the court granted a decree of divorce to appellee. The trial court awarded appellee an equitable lien in the amount of $3,200.00 on the proceeds from the sale of real property owned by the parties as tenants by the entirety. We reverse and remand.

Appellant appeals from that provision of the decree awarding appellee an equitable lien against the sales proceeds of a tract of real property situated on Rye Hill which was purchased by the parties approximately two months subsequent to their marriage and sold prior to their separation. It is well settled that equity cases are tried *de novo* on appeal upon the record made in the trial court, and the issues are resolved on that record. However, we do not reverse the chancellor's findings unless they are clearly against the preponderance of the evidence, giving due regard to the opportunity of the chancellor to judge the credibility of the witnesses. A.R.C.P. Rule 52(a).

It is clear from the record that the parties purchased the Rye Hill property as husband and wife creating a tenancy by the entirety. Ark. Stat. Ann. § 34-1215 (Supp. 1983), provides that when a decree of divorce is rendered, any estate by the entirety shall be automatically dissolved unless the court order specifically provides otherwise, and in the division of the property the parties shall be treated as tenants in common. This statute is the only authority for dividing estates by the entirety, and it provides for the equal division of property without regard to gender or fault. *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981).

In *Yancey* v. *Yancey*, 234 Ark. 1046, 356 S.W.2d 649 (1962), the Arkansas Supreme Court reversed a decree of the chancellor on a finding that the court had exceeded its authority in directing the appellant to give the appellee a quitclaim deed to his interest in the home held as an estate by the entirety. The Court stated as follows:

> . . . we have stated on several occasions that in event of a divorce, property held as an estate by the entirety shall be treated as a tenancy in common. The court may then do one of two things; it may place one of the parties in possession of the premises, or it may order the property sold and the proceeds divided.

Furthermore, in *Carr* v. *Carr*, 226 Ark. 355, 289 S.W.2d 899 (1956), the Court stated that "The couple's home was owned as a tenancy by the entirety and was correctly ordered sold, the proceeds to be divided equally."

In *Ramsey* v. *Ramsey*, 259 Ark. 16, 531 S.W.2d 28 (1975), the appellant appealed from the portion of a divorce decree relating to the division of property. The property involved consisted of promissory notes held as a tenancy by the entirety by the parties. The Court held that the chancellor erred in awarding one party a greater interest than the other in these notes and stated as follows:

> The fact that the consideration given for the property taken in the two names belonged to the husband only is of little, if any, significance where he is responsible for the property being taken in both names and the presumption is that there was a gift of an interest by the husband to the wife, even though the wife may have no knowledge of the transaction. (cites omitted).

In the instant case, we find it to be equally true that there is a presumption that there was a gift of an interest by appellee to appellant. The Court in *Ramsey, supra*, went on to state:

> The presumption is strong, and it can be overcome only by clear, positive, unequivocal, unmistakable, strong, and convincing evidence, partially because the

alternative is a resulting trust the establishment of which, under such circumstances, requires that degree of proof. (cites omitted)

Upon our *de novo* review of the record, we cannot say that there was proof that appellee advanced the consideration of $3,200.00 and expected it to be held in a resulting trust. The mere loan of money for the purchase of property does not result in an equitable lien in favor of the lender. *Lowrey* v. *Lowrey*, 251 Ark. 613, 473 S.W.2d 431 (1971). Where the evidence does not show an agreement to give the lender a lien, or that the loan was acquired through trickery or fraud, then it is error to impress an equitable lien upon property as security for the loan. *Hunter* v. *Johnston*, 226 Ark. 792, 294 S.W.2d 49 (1956). Accordingly, we hold that the chancellor erred in awarding appellee an equitable lien against appellant's one-half interest in the Rye Hill property.

The decree imposing an equitable lien is reversed and remanded with directions to cancel the lien and divide the proceeds equally.

Reversed and remanded.

COOPER and GLAZE, JJ., agree.