J. H. FRANKLIN and Jerry D. FRANKLIN
*v.* ESTATE OF Asa J. GRIFFITH et al

CA 83-394                    666 S.W.2d 723

Court of Appeals of Arkansas
Division II
Opinion delivered April 4, 1984

*Lavender, Rochelle, Barnette, Franks & Arnold,* for appellant.

*Honey & Rodgers,* by: *Danny P. Rodgers;* and *Shackleford, Shackleford & Phillips, P. A.,* for appellee Griffith.

*Brown, Compton & Prewett* and *Young, Patton & Folsom,* for appellee Williamson.

DONALD L. CORBIN, Judge. A Union County Circuit Court jury, upon the verdict of nine jurors, assessed a $1,047,850.20 verdict against appellant Jerry D. Franklin individually and a verdict of $4,950.00 against him and his co-defendant, J. H. Franklin, and co-appellant herein. We affirm.

Before opening statements and any testimony had been presented, counsel for appellants informed the trial court that a juror, identified as Perry Kinard, had been overheard by a witness for appellants in the restroom making the statement that "he hoped Franklin had a lot of insurance." Appellants subsequently moved that the trial court continue the case to investigate any bias on the part of Juror Kinard; for a mistrial; or to excuse Kinard from the jury. The court responded as follows to these motions:

Gentlemen, I've found that you properly brought this to the attention of the Court. I've had one other experience in this and I did not act with regard to the juror. A juror was alleged to have talked to one of the witnesses and we had a request again for a mistrial and I did not grant that.

I do think, in reponse to Mr. Compton's statement, that if there is the possibility that someone is tainted, certainly that it should be brought to the Court, and I'm willing to deal with that. I'm not too sure if dealing with it wouldn't prejudice the remainder of the jurors at this point and create even more of a Pandora's box once we open the door to that. I think the best thing to do at this point is to, again on the basis you've made your record, deny the motion for a continuance and mistrial.

I don't feel inclined to excusing Mr. —

NICK PATTON:   — Kinard.

THE COURT:   — Kinard, it's Mr. Perry Kinard — at this point for a number of reasons. It might well be that we should bring him in and talk to him, but I think that might even be prejudicial, so at this time I'm going

to deny your motions, both for a continuance and a mistrial or that the juror be excused, and let's proceed.

For reversal appellants contend that the trial court erred in refusing to grant their motion to excuse Juror Perry Kinard; to grant a mistrial; or to grant a continuance to further investigate any bias of Kinard.

Appellants rely on *United States* v. *Dean,* 647 F.2d 779 (8th Cir. 1981), *modified on other grounds,* 667 F.2d 729 (8th Cir. 1982), *cert. denied,* 456 U.S. 1006 (1982), which suggests that appropriate action by a trial court under these circumstances includes "a short continuance for further investigating, excusing the juror and seating an alternate, or granting a mistrial." Here, appellants argue that it is important to note that the case was submitted to the jury on interrogatories and that appellees prevailed on a 9-3 split of the jury. Appellants note that Juror Perry Kinard voted with the majority on each interrogatory and that his name was at the head of the list of each interrogatory response. Appellants argue that on these facts, the probability of Kinard's expressed bias being influential in the overall outcome of the case is made manifest.

Appellees contend that no basis to excuse Juror Perry Kinard was stated by appellants and rely on this Court's decision in *Farm Bureau Mutual Ins. Co.* v. *Smith,* 5 Ark. App. 37, 632 S.W.2d 244 (1982). There, appellees filed a motion for new trial based on an allegation of juror misconduct consisting of a statement said to have been made by one of the jurors during jury deliberations. The motion was accompanied by the affidavit of a juror who also testified at the hearing on the motion. The juror said, "it's lawsuits like this that will make all our insurance premiums go up." The trial court granted the motion for new trial and this Court reversed holding that the statement fell within the proscription of Uniform Rules of Evidence 606(b) and could not properly be considered as the basis for granting the motion for new trial. In addition, we noted that the statement was simply an expression of opinion on the merits of the appellees' case.

It is well settled that in passing on the qualifications of jurors, the trial court has much latitude and discretion, and unless abused, its action will not be disturbed on appeal. *Crouch* v. *Richards,* 212 Ark. 980, 208 S.W.2d 460 (1948). Insurance is a fact of life in our society and jurors are cognizant that most operators of vehicles carry liability insurance of some kind. Appellants were sued by appellees in the amount of $4,067,392.22 for the alleged wrongful death of two middle-aged men who were each survived by a widow and small children. The trial court could have viewed the alleged statement of Juror Kinard as merely an expression of concern. The trial court heard the statements of counsel and was in a position far superior to ours to determine whether the granting of appellants' motions was in order. Accordingly, we cannot say that the trial court's denial of appellants' motions constituted an abuse of discretion.

Appellants contend as their second point for reversal that the trial court erred in denying their motion for new trial pursuant to A.R.C.P. Rule 59. At the conclusion of the trial, appellants filed the motion alleging that the trial court abused its discretion in denying their original motions for a continuance to further investigate any bias of Juror Kinard; for a mistrial, or to excuse Kinard from the jury and this prevented them from having a fair trial. This motion was overruled by the lower court which recited in the order that "a hearing not having been requested by the parties, the matter is submitted to the court upon the motion for a new trial and the pertinent portion of the trial record . . ." The trial court found that appellants failed to comply with Rule 59(a)(2) and (c) in that their motion was not accompanied by an affidavit as required by the rule and that the allegation of bias as to Juror Kinard was unsupported and without merit.

Appellants and appellees rely on different sections of Rule 59 to support their conflicting positions. Appellants contend that Rule 59(a)(1) is the proper provision for our consideration which provides:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues

on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party:

(1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial.

On the other hand, appellees contend that the trial court was correct and that Rule 59(a)(2) and (c) is applicable which provides:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party:

. . .

(2) misconduct of the jury or prevailing party

. . .

(c) Form of Motion. The motion must be in writing setting forth in separate paragraphs the grounds or assignments of error relied upon for a new trial. The grounds mentioned in section (a) (2), (3) and (7) of this rule must be supported by affidavits showing their truth and may be controverted in the same manner.

It is well settled that the granting of a new trial addresses itself to the sound discretion of the trial court, and this Court will not reverse unless it appears that the trial court abused its discretion. *Smith* v. *Villarreal*, 253 Ark. 482, 486 S.W.2d 671 (1972). We agree with appellees and the trial court that Rule 59(a)(2) and (c) is the proper provision under which this motion should have been presented to the trial court. We cannot say that the alleged statement of Juror Kinard indicates bias or prejudice. In the absence of any supporting affidavits, both this Court as well as the trial court would

have to resort to speculation and conjecture to determine whether the statement "I hope Franklin has a lot of insurance" constituted bias in favor of either party. Appellants should have filed supporting affidavits together with a request for a hearing on their motion for a new trial. We cannot say that the trial court abused its discretion in denying appellants' request for a new trial.

Affirmed.

COOPER and GLAZE, JJ., agree.