Glenna SANTOSTEFANO *v.* Mario SANTOSTEFANO

CA 85-484                                   712 S.W.2d 324

Court of Appeals of Arkansas
Division II
Opinion delivered July 2, 1986

174

*Howard & Howard*, by: *William B. Howard*, for appellant.

*Samuel F. Beller*, for appellee.

MELVIN MAYFIELD, Judge. Glenna Santostefano appeals from a decree granting Mario Santostefano a divorce on the ground that the parties had lived separate and apart for three consecutive years without cohabitation. We affirm.

In May 1982, appellee moved from Illinois into a motel near Hardy, Arkansas. Although the motel was jointly purchased and the parties had apparently made plans to move here and operate it, the appellee testified that after they sold their home in Illinois, the appellant refused to move to Arkansas. However, she finally did move, and, at the trial of this case, testified she was living near Hardy. In June 1983, appellee sued for divorce, alleging indignities and desertion. In July 1985, his complaint was amended to allege that the parties had lived separate and apart for three consecutive years without cohabitation.

At the trial, on August 26, 1985, the appellee testified that the parties rarely saw each other after May 1982 and that appellant had been to the motel where appellee lived only two times. The first time was in December 1982 when she came to the motel with a girl friend and a gentleman. The next time was in

January 1985. Appellee said that on this last occasion she simply appeared at the motel and told him that her water pipes were frozen and she had nowhere else to go. He said this was "during the big snow" and, because of the circumstances, he allowed her to remain at the motel, where she slept on the couch in the living room for four nights. Appellee testified that there is no door between the motel lobby and the living room where appellant slept, that he slept in his bedroom, and that he did not have sexual intercourse with appellant during her brief stay at the motel. He also testified that they had not had sexual intercourse for over three years.

Herman Fuller, who lives near the motel, testified that appellee had lived alone at the motel for over three years, although he did admit that he had seen appellant's car at the motel for a few days "during the big snow" earlier in the year. Appellant, who was called as a witness by appellee, did not deny the appellee's testimony.

█ On appeal, appellant argues that her four-day stay at the motel broke the continuity of the separation and, therefore, the chancellor was in error in granting appellee a divorce under the provision of Ark. Stat. Ann. § 34-1202 (Supp. 1985) which allows a divorce where either husband or wife has "lived separate and apart from the other for three (3) consecutive years, without cohabitation."

█ In *McClure* v. *McClure*, 205 Ark. 1032, 172 S.W.2d 243 (1943), the Arkansas Supreme Court stated, "The legislature certainly intended that such separation and living apart for three years . . . should be continuous and uninterrupted." *Id.* at 1036, 172 S.W.2d at 245. The appellant contends that the appellee's own testimony was insufficient to establish three years' separation within the meaning of the statute. She cites the cases of *Oxford* v. *Oxford*, 237 Ark. 384, 373 S.W.2d 707 (1963), and *Brimson* v. *Brimson*, 227 Ark. 1045, 304 S.W.2d 935 (1957), and argues they require that the instant case be reversed.

In *Oxford*, although the parties had not had sexual intercourse for over three years according to the testimony of the husband, they had unquestionably lived in the same house until two and one-half years before trial. The court said that under its holding in *Brimson* the evidence was insufficient "for it cannot be

said that the couple lived separate and apart from each other" for the required three-year period. In *Brimson*, the parties had lived in the back of the Brimson Drug Store for about ten years. The wife then moved into an upstairs apartment that the husband had furnished for her and he continued to live in the back of the drug store. She worked in the store with her husband seven days a week for the whole twenty-two years of their marriage. He had a key to her apartment and used her bathroom regularly. In holding this evidence insufficient to sustain the divorce granted on grounds of three-years separation, the court said, "In other words, to all outward appearances, they were living together."

We think the facts of the instant case are distinguishable from *Oxford* and *Brimson*. For all outward appearances, Mr. and Mrs. Santostefano lived separate and apart, and not as husband and wife, for over three years immediately prior to the decree of divorce. Appellee's testimony to this effect was corroborated by his neighbor, Herman Fuller. Although corroboration is as essential to the granting of a divorce on the ground of three years' separation as it is in any other case, it may be comparatively slight where it is plain that the divorce action is not collusive. *Russell* v. *Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982). Under our standard of review, we do not reverse the factual findings of the chancellor unless they are clearly against the preponderance of the evidence. ARCP Rule 52(a). *Shannon* v. *Anderson*, 269 Ark. 55, 598 S.W.2d 97 (1980). In this case, we cannot say the chancellor was clearly wrong in failing to hold that the appellant's four nights at the motel where her husband lived broke the continuity of their separation.

Our view is enforced by the fact that other jurisdictions have also held that the continuity of a separation is not broken by occasional (even overnight) visits between the parties without cohabitation. In *Tuttle* v. *Tuttle*, 244 S.E.2d 447 (N.C. App. 1978), the trial court's finding that the parties had resumed the marital relationship was reversed. The appellate court said:

There is no evidence in this record that would support a finding that the parties to the lawsuit resumed their marital relationship. The evidence shows that almost a year after defendant left the family home, she returned to visit her children and spent one night with them. In no way

does this evidence tend to show that the parties held themselves out as living together. Moreover, such behavior could not reasonably induce others to regard the parties as living together. Where there is no cohabitation nor any intent to resume the marital relationship, interruption of the statutory period should not be found (absent some other extenuating circumstances) from the mere fact of social contact between the parties. Indeed, in this case, plaintiff's attempts to help maintain contact between his children and their mother should be commended.

The Supreme Court of Washington has held that a husband's ten-day visit with his wife, during which the parties slept under the same roof but did not resume conjugal relations, did not constitute a fatal break, in their period of separation. The court said "as a general rule" a period of separation is not broken by an occasional visit during which marital relations are not resumed "in any meaningful sense." The court said a contrary rule would discourage married persons living apart from ever visiting each other in an attempt to reconcile their differences. *Thomas* v. *Thomas*, 363 P.2d 107 (Wash. 1961). *See also Adams* v. *Adams*, 403 P.2d 593 (Idaho 1965), (granting of a divorce affirmed despite evidence that during their separation the parties had visited each other and had traveled together.)

The three-years separation statute also requires that the parties live separate and apart without cohabitation. It is established that cohabitation, as used in the statute, means sexual intercourse. *Varnell* v. *Varnell*, 207 Ark. 711, 182 S.W.2d 466 (1944). Citing *Womack* v. *Womack*, 73 Ark. 281, 83 S.W. 937 (1904), the appellant argues that, because the parties in the instant case slept under the same roof at the motel, there is a presumption that they had intercourse. In *Womack*, the court held that the presumption arises when husband and wife dwell together in a mutual home. *See also Hancock* v. *Hancock*, 222 Ark. 823, 262 S.W.2d 881 (1953). However, appellee, whose testimony was apparently credited by the chancellor, denied having marital relations with appellant and, therefore, if any presumption of intercourse existed, it was successfully rebutted. The Arkansas Supreme Court has stated: "Certainly, it was not intended that one seeking to establish this ground for divorce should have to produce corroborating evidence which would show

the lack of cohabitation as convincingly as might be required to show nonaccess in paternity cases." *Lewis* v. *Lewis*, 255 Ark. 583, 588, 502 S.W.2d 505, 509 (1973).

Because there is evidence that during the three-year period immediately prior to the divorce the parties did not have sexual intercourse, resume the marital relationship in any meaningful sense, or give the appearance of having done so, we hold that the chancellor's award of divorce to appellee was not clearly against the preponderance of the evidence.

Affirmed.

CORBIN and GLAZE, JJ., agree.