Donald Gerald LEONARD *v.* Gayle Barnhill LEONARD

CA 87-211                                      739 S.W.2d 697

Court of Appeals of Arkansas
Division II
Opinion delivered November 18, 1987
[Rehearing denied December 23, 1987.]

*J.H. Cottrell*, for cross-appellee.

*Friday, Eldredge & Clark*, by: *Barry E. Coplin*, for cross-appellant.

JAMES R. COOPER, Judge. This is a divorce action brought by Gayle Leonard against Dr. Donald Leonard. After a trial, the chancellor granted Mrs. Leonard an absolute divorce; awarded her custody of the parties' minor children, child support, and alimony; and ordered that the marital property be divided equally between the parties. From that decision, Dr. Leonard filed a timely notice of appeal, and Mrs. Leonard filed a timely notice of cross-appeal. However, Dr. Leonard abandoned his appeal by failing to file the record of the case and an appellant's brief. Mrs. Leonard timely filed a certified copy of the record and pursued her cross-appeal. This case thus comes before us with Mrs. Leonard as the cross-appellant, and Dr. Leonard as the cross-appellee.

For reversal, Mrs. Leonard contends that the chancellor erred in awarding the marital property held as tenancies by the entireties solely to her as part of her half-share of the marital property. We agree, and we reverse.

The evidence shows that the parties held their marital home in Little Rock and a condominium near Heber Springs as tenancies by the entirety. The chancellor found the home to have a value of $344,000.00, subject to a connected debt of $157,402.00. The condominium was valued at $76,000.00, with a connected debt of $35,211.00.

The problem of property division was complicated by the large amount of debt owed by the marital estate, and the fact that the prime asset was Dr. Leonard's medical professional association, an asset which was not subject to division because Mrs. Leonard, who is not a physician, could not be awarded an ownership interest in it. *See* Ark. Stat. Ann. § 64-2014 (Repl. 1980). In an effort to effect an equal division of the martial property, the chancellor awarded the parties' entireties property solely to Mrs. Leonard.

■■ Although we are not unmindful of the difficulties the chancellor faced in attempting to equally divide this large and complex marital estate, we hold that he erred in awarding the entireties property solely to Mrs. Leonard. The only authority for dividing estates by the entirety is Ark. Stat. Ann. § 34-1215 (Supp. 1985), which provides for the equal division of marital property held by the entirety without regard to gender or fault. *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981). A court has two available options for dealing affirmatively with entireties property in the event of the dissolution of the entireties estate by divorce: it may place one of the parties in possession of the property, or it may order the property sold and the proceeds divided equally. *Warren* v. *Warren*, 11 Ark. App. 58, 665 S.W.2d 909 (1984); *see Carrick* v. *Carrick*, 13 Ark. App. 42, 679 S.W.2d 800 (1984). We remand to the chancellor for further proceedings not inconsistent with this opinion. In conducting such further proceedings, the chancellor will not be bound by prior determinations regarding the valuation of assets or the relative share of the marital estate to be awarded to each of the parties, and may permit the introduction of such additional evidence as is necessary for the just resolution of the issues.

Reversed and remanded.

CRACRAFT and MAYFIELD, JJ., agree.