Gordon Dale BRADFORD *v.* Shelby Jean BRADFORD

CA 90-323                                           808 S.W.2d 794

Court of Appeals of Arkansas
Division II
Opinion delivered May 22, 1991

*Brazil, Clawson & Adlong*, by: *William Clay Brazil*, for appellant.

248

*Stephen E. James, P.A.*, by: *Stephen E. James*, for appellee.

JAMES R. COOPER, Judge. The parties in this domestic relations case were divorced on April 17, 1991. The decree granted the divorce to the appellee on her counterclaim and provided for an unequal division of the marital property. The appellant appeals from the chancellor's unequal division of the marital property.

The basis for the appellant's argument on appeal is that the trial court erred in making an unequal division of property. We agree, at least in part, and we determine that the case must be remanded.

■ Because the case at bar is an appeal from chancery, the whole case is open for review; therefore, all issues raised in the court below are before us for decision, and trial *de novo* on appeal in chancery involves determination of both fact questions and legal issues. *Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979). The *Ferguson* court noted that:

> The appellate court reviews both law and fact and, acting as judges of both law and fact as if no decision had been made in the trial court, sifts the evidence to determine what the finding of the chancellor should have been and renders a decree upon the record made in the trial court. The appellate court may always enter such judgment as the chancery court should have entered upon the undisputed facts in the record.

*Id.* at 564 (citations omitted).

During the marriage, the appellant's parents gave the parties approximately five acres of land. The conveyance was by warranty deed and the grantees were designated to be:

> Gordon Dale Bradford and Jean Bradford, husband and wife.

At trial, the appellant testified that he considered the house to be one-half his. The divorce decree provided that an unequal division of property in lieu of alimony was necessary for several reasons, and, in disposing of the five acres, provided that the appellee was to have possession of the parties' real property and that the appellant was to execute a quitclaim deed to the appellee. The

decree further provided that, if the appellee chose to sell the land, the appellant had the first right of refusal.

We must reverse this case because the chancellor exceeded his authority in awarding the real property held as a tenancy by the entirety to the appellee and in ordering the appellant to execute a deed to the appellee. *Yancey* v. *Yancey*, 234 Ark. 1046, 356 S.W.2d 649 (1962). Under Ark. Code Ann. § 9-12-317 (Repl. 1991), any property held as an estate by the entirety is automatically dissolved upon the entry of a final decree of divorce unless the court orders otherwise, and this statute requires that, in the division of such property, the parties are treated as tenants in common. Under our cases and those of the Arkansas Supreme Court, the chancellor had two options: he could have placed one of the parties in possession of the property, or he could have ordered the property sold and the proceeds divided equally. *See Yancey, supra*; *Leonard* v. *Leonard*, 22 Ark. App. 279, 739 S.W.2d 697 (1987).

On *de novo* review of a fully developed chancery record, where we can plainly see where the equities lie, we may enter the order which the chancellor should have entered. However, we decline to do so in this case as the chancellor's division of the property, both personal and real, was stated to be in lieu of alimony and the marital residence and five acres is such a significant part of the marital assets that we think the interests of justice will be better served by remanding the case for a complete resolution of the property rights of these parties, including the alimony question, in a manner consistent with this opinion. In conducting such further proceedings, the chancellor will not be bound by prior determinations regarding the valuation of assets or the relative share of the marital estate to be awarded to each of the parties, and may permit the introduction of such additional evidence as is necessary for the just resolution of the issues.

Reversed and remanded.

DANIELSON and JENNINGS, JJ., agree.