Lawrence A. WHITE *v.* Barbara WHITE

CA 94-829                                        905 S.W.2d 485

Court of Appeals of Arkansas
Division I
Opinion delivered September 6, 1995

*Ramsay, Bridgforth, Harrelson & Starling*, by: *William M. Bridgforth*, for appellant.

*Kearney Law Offices*, for appellee.

JOHN B. ROBBINS, Judge. In this divorce case, Lawrence White has appealed from an order of the Cleveland County Chancery Court denying his motion for new trial and from the court's division of property held by the parties as tenants by the entirety. We affirm the chancellor's refusal to grant a new trial and modify the chancellor's disposition of the tenancy by the entirety property.

The case was set for trial on August 16, 1993, and the parties and their attorneys were present. Robert Cortinez, appellant's attorney, told the chancellor that he had been unable to obtain certain bank records. At Mr. Cortinez's urging, the chancellor agreed to continue the case. At the conclusion of that hearing, in the presence of the parties and their attorneys, the chancellor said: "I will grant your motion for a continuance. I will also order your client to bring those payments current and to pay them until this case is heard which will be the 18th of October at 1:00 p.m."

On October 4, 1993, appellant fired Mr. Cortinez. On October 8, 1993, Mr. Cortinez filed a motion to withdraw as appellant's attorney of record. In this motion, he stated that his firm had released all records and pertinent documents to appellant. This motion was granted on October 12, 1993.

On October 18, 1993, appellant did not show up for trial. The chancellor proceeded with the hearing, stating:

> I think . . . we've given Mr. White ample opportunity and he is not here today. I think he clearly was aware that this case was set for trial today. He should have made other arrangements for another attorney or at least showed up today and if he needed a continuance asked for it himself. So if you want to proceed I will proceed.

Appellee, Barbara White, then testified about her residence and

grounds for divorce. She testified that the parties owned four lots in both of their names and requested the chancellor to award two lots to each party. She testified that there was one child of the marriage and discussed the parties' assets and debts. Appellee also presented corroboration of her residence in Cleveland County for the required period of time.

At the conclusion of the hearing, the chancellor noted the statutory restrictions placed upon his disposition of the tenancy by the entirety property. He stated that he did not believe it would violate the statute (Ark. Code Ann. § 9-12-317 (Repl. 1993)) to award two of the lots to each party as long as they were equal in value. He then directed appellee's attorney to prepare the decree.

On October 28, 1993, appellant moved for a new trial on the ground that he had been under the mistaken belief that the trial was to be held on October 23, 1993. He did not object to the granting of divorce to appellee but requested that the provision in the decree which pertained to child support and the division of property be set aside. Attached to his motion was an affidavit, wherein he stated that it was his understanding that the court date was October 22, 1993. He also claimed that he was unable to obtain another attorney and, after he explained his problem to Mr. Cortinez's firm, that firm agreed to represent him again.

In response, appellee argued that, on August 16, 1993, appellant was notified of the date of the trial and had ample opportunity to appear.

Appellant was given a hearing on his motion. A member of Mr. Cortinez's firm, Christopher Anderson, attended on appellant's behalf and argued that appellant was entitled to a new trial under Ark. R. Civ. P. 59. At this hearing, appellant testified that he did not know the trial was set for the 18th of October. He stated: "I understood the judge to say October the 21st."

The chancellor sent a letter to the attorneys, advising them that he was denying appellant's motion for a new trial. An order to this effect was entered on April 28, 1994, and in this order, the chancellor found appellant had presented no good reason to justify his failure to appear for trial on October 18, 1993. In the divorce decree entered April 12, 1994, the chancellor provided:

[T]he Parties jointly own four (4) Lots of real property, in Cleveland County, Lots 5, 6, 7, and 8, in Farr Subdivision to the City of Rison, Arkansas, and such realty shall be evenly divided, with [appellee] taking sole and clear title to Lots 5 and 6, and [appellant] taking sole and clear title to Lots 7 and 8 . . . .

On appeal, appellant first argues that the chancellor erred in denying his motion for new trial. Arkansas Rule of Civil Procedure 59(a) provides:

(a) *Grounds.* A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial; (2) misconduct of the jury or prevailing party; (3) accident or surprise which ordinary prudence could not have prevented; (4) excessive damages appearing to have been given under the influence of passion or prejudice; (5) error in the assessment of the amount of recovery, whether too large or too small; (6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law; (7) newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial; (8) error of law occurring at the trial and objected to by the party making the application. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

It is well settled that the granting of a new trial addresses itself to the sound discretion of the trial court, and this Court will not reverse unless it appears that the trial court abused its discretion. *O'Flarity* v. *O'Flarity*, 42 Ark. App. 5, 15-16, 852 S.W.2d 150 (1993). *Accord Franklin* v. *Estate of Griffith*, 11 Ark. App. 124, 128, 666 S.W.2d 723 (1984).

■■ In his reply brief, appellant argues that he is being punished for his former attorney's neglect. The principle is well settled that it is the duty of a litigant to keep himself informed of the progress of his case. *Neal* v. *Wilson*, 321 Ark. 70, 74, 900 S.W.2d 177 (1995). An attorney's acts of omission, as well as commission, are to be regarded as the acts of the client he represents, and the negligent acts of the attorney are equivalent to the negligence of the client himself. *Self* v. *Self*, 319 Ark. 632, 637, 893 S.W.2d 775 (1995). In the absence of fraud, the client is bound, according to the ordinary rules of agency, by the acts, omissions, or neglect, of the attorney within the scope of his authority. *Id. Accord Diebold* v. *Myers Gen. Agency, Inc.*, 292 Ark. 456, 461, 731 S.W.2d 183 (1987). It is apparent that appellant's nonappearance at trial was the result of his own failure to keep himself informed of the progress of the action. We therefore hold that appellant did not demonstrate entitlement to a new trial under any of the reasons listed in Rule 59.

■ In his second point on appeal, appellant argues that the chancery court erred in awarding two of the lots held as tenants by the entirety to each of the parties. We agree. Arkansas Code Annotated § 9-12-317(a) (Repl. 1993) provides:

> When any chancery court in this state renders a final decree of divorce, any estate by the entirety or survivorship in real or personal property held by the parties to the divorce shall be automatically dissolved unless the court order specifically provides otherwise. In the division and partition of the property, the parties shall be treated as tenants in common.

Under the decisions of this Court and the Arkansas Supreme Court, if the chancellor wished to deal affirmatively with this tenancy by the entirety property, he had two options: he could have placed one of the parties in possession of the property, or he could have ordered the property sold and the proceeds divided equally. *Bradford* v. *Bradford*, 34 Ark. App. 247, 249, 808 S.W.2d 794 (1991); *Leonard* v. *Leonard*, 22 Ark. App. 279, 280, 739 S.W.2d 697 (1987). *Warren* v. *Warren*, 11 Ark. App. 58, 59, 665 S.W.2d 909 (1984). *See also Askins* v. *Askins*, 5 Ark. App. 64, 66, 632 S.W.2d 249 (1982). The chancellor, therefore, erred in his disposition of the parties' property held as tenants by the entirety.

On *de novo* review of a fully developed chancery record, where we can plainly see where the equities lie, we may enter the order which the chancellor should have entered. *Bradford* v. *Bradford*, 34 Ark. App. at 249. We therefore hold that the parties now hold all four lots as tenants in common.

Affirmed as modified.

JENNINGS, C.J., and PITTMAN, J., agree.