SCHAEFER *v.* SCHAEFER.

5-2848                                    362 S. W. 2d 444

Opinion delivered December 10, 1962.

*James L. Sloan,* for appellant.

*Frances D. Holtzendorff,* for appellee.

GEORGE ROSE SMITH, J. In 1956 the appellant husband obtained a divorce on the ground of three years' separation, but the court found the appellee wife to be the injured party. The decree awarded the appellee custody of the couple's two children, a one-third interest in the appellant's personal property, a one-third interest for life in his real property, and possession of the family home in Little Rock (owned by the appellant). The decree directed the appellant to keep the home place "in habitable repair."

Last year the appellee filed a petition asking that the appellant be required to make needed repairs to the property. The appellant countered with a request that he be given custody of the children and possession of the home-

stead. This appeal is from an order changing the custody of the children (who expressed a desire to live with their father) but leaving the appellee in possession of the home and directing the appellant to pay the appellee $343 for the purpose of putting the property in a habitable condition.

The appellant's principal grievance is the court's refusal to give him possession of the homestead. He insists that the original award of possession to the appellee was solely and exclusively a provision for child support. Hence, it is contended, the chancellor's action in leaving the appellee in possession of the home, after the custody of the children had been transferred to the father, amounted to an original and therefore impermissible award of alimony, since the decree of divorce made no allowance of alimony. *Miller* v. *Miller,* 209 Ark. 505, 190 S. W. 2d 991.

The record does not bear out this argument. The divorce decree first recited that "the plaintiff [the wife] and said children" should have the exclusive use of the home. Later on the operative part of the decree awarded the exclusive use of the home to the wife. Thus there is no sound basis for thinking that the original award of possession was not meant to benefit the wife as well as the children.

On the merits we find no abuse of discretion in the chancellor's refusal to disturb the appellee's occupancy of the home. It is settled that a decree of divorce may award the possession of the homestead to either spouse, upon such terms as appear to be equitable and just. *Fitzgerald* v. *Fitzgerald,* 227 Ark. 1063, 303 S. W. 2d 576. Here the appellee's claim, in view of her life estate in the property, has a basis in law as well as in equity. She earns about $4,600 a year, while the appellant's annual income exceeds $8,000. If the appellee should be evicted from the property then presumably the court would require in substitution that monetary payments be made by the appellant. In view of all the circumstances we are not convinced that the chancellor erred in his solution to a manifestly difficult problem.

The original decree required the appellant to keep the house in repair. There is no substantial contradiction of the appellee's testimony that this obligation has not been met, for the house is in need of certain specific repairs. The appellee's proof that the work will cost $343 is defective, however. She submitted only a carpenter's written estimate, which was properly objected to as being hearsay. The order will therefore be modified to permit the appellee to have the repairs completed, at the appellant's expense, with the recoverable cost not to exceed $343. Should the appellant consider the actual outlay to be excessive the matter may be resubmitted to the chancellor upon competent evidence.

A minor item of child support, amounting to $57.13, is involved in the appellant's insistence that the chancellor orally announced that the appellant's liability for monthly child support payments would terminate on the date of trial, while the written order that was later entered fixed the date as that on which the two children moved to the appellant's home. The written order is not challenged as being unreasonable, however, and the chancellor was at liberty to reconsider his first conclusion. *Nance* v. *Flaugh*, 221 Ark. 352, 253 S. W. 2d 207. The appellant also complains of the fact that the appellee's attorney was allowed a fee of $100, but in this respect the chancellor's action was in harmony with the law as it has been declared in this state for many years.

With the indicated modification the order is affirmed.