Rose E. STEVENS *v.* Larry E. STEVENS

80-135                                    608 S.W. 2d 17
Supreme Court of Arkansas
Opinion delivered December 1, 1980

*Jim D. Spears*, for appellant.

*Jerry D. Pruitt*, for appellee

GEORGE ROSE, SMITH, Justice. In this divorce suit the chancellor granted the divorce to the appellant, Rose E. Stevens, on the ground of adultery, awarded her the custody of the couple's ten-year-old daughter, directed Stevens to pay child support of $300 a month, denied alimony, divided the personal property, and ordered the sale of the parties' three principal pieces of property (two houses and an autombile body shop business), with the proceeds of the sale to be divided equally after the payment of encumbrances. For reversal the appellant argues primarily that she should have been given alimony and possession of the larger house and that she should have received her half interest in the body shop by appraisal rather than by sale. Our jurisdiction rests upon a companion appeal which was consolidated with this one and decided by a per curiam order.

The couple were married in 1967 and separated in September, 1977. Mrs. Stevens then lived in California with her daughter for about two years, during which the husband's adultery, which was conceded, occurred. After Mrs. Stevens's return to Arkansas this suit was filed by the husband in April, 1979. After the first of three hearings, in Sepember, the court ordered temporary monthly allowances of $300 alimony and $400 child support, to be paid from $7,-600 which Mrs. Stevens had remaining from $18,000 she had taken from the family business and used for living expenses. The final decree, with an amendment, was entered in January after two additional hearings.

We consider first the matter of alimony, which has a bearing upon the other issues. The decree was rendered long after the passage of Act 705 of 1979, which was designed to equalize the property rights of husbands and wives in divorce proceedings. The appellant's right to alimony is therefore governed by much the same principles that prevailed before

the decisions in *Orr* v. *Orr*, 99 S. Ct. 1102 (1979), and *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W. 2d 21 (1980).

During the later years of the marriage Stevens established and built up the body shop business, which, although a family partnership, was essentially Stevens's operation. The shop was used for the repair of autombiles owned by customers and also for the rebuilding and sale of wrecked vehicles that Stevens bought from insurance companies. The business apparently prospered, grossing $151,000 in 1978, the last year for which figures are shown. It is evident that Stevens's own income exceeded that indicated by his testimony and by the income tax returns that were introduced. He testified, for example, that he sent his wife from $800 to $1,200 a month during a substantial part of their separation, that he accumulated $18,000 in a safety deposit box over possibly 18 to 24 months, that he maintained his own apartment, and that he took a trip to Hawaii. Such expenditures could hardly have come from the income disclosed by the proof.

By contrast, Mrs. Stevens does not have a dependable source of income. What the net proceeds of the sale of the houses and the business will be is impossible to estimate. The estimates of value vary greatly, and the intangible worth attributable to Stevens's knowledge and skill in the business cannot be measured. Mrs. Stevens, now 34, worked at various jobs before the birth of her daughter and for some two years later on in some capacity at the shop. It does not appear that she has any particular employable skill. She has a college degree in psychology and hopes to be able to obtain work in that field upon getting a master's degree after two years or more of further study. In the circumstances we hold that a monthly alimony of $400 should have been awarded to her. In this respect the decree is reversed and the cause remanded to vest continuing jurisdiction in the chancery court.

We cannot say, especially in view of the allowance of alimony, that the chancellor was clearly wrong in refusing to award Mrs. Stevens possession of the house. It is apparently a larger house than she and her daughter will need and costly to maintain.

The original decree, announced in December, provided that the shop would continue to be jointly owned, with Stevens in control of it and with the profits being equally divided after an allowance of up to $400 a week to Stevens for his services. That arrangement would probably not be satisfactory; so on Stevens's motion the chancellor amended the decree to order a sale of the business. The appellant now asks that instead the business be independently appraised and the appellee be required to pay her half its value. That possibility was not developed by the proof in the trial court, and we are not willing to prolong the proceedings, which have already encompassed three protracted hearings before the chancellor, for the exploration of a suggestion made first on appeal.

Two minor points are argued, relating to the chancellor's decision not to allow the introduction of certain testimony offered by Mrs. Stevens at the third hearing, at which she was representing herself without the assistance of a lawyer. We think it sufficient to say that no complete proffer of proof was made and that our decision on appeal would not be different had the chancellor allowed the introduction of the scant proof actually proffered.

Affirmed in part, reversed in part, and remanded.