Mary ASKINS *v.* Jimmy ASKINS

CA 81-335                              632 S.W.2d 249

Court of Appeals of Arkansas
Opinion delivered May 5, 1982

Herschel W. Cleveland of Hixson, Cleveland & Rush, for appellant.

Ernie Witt of Witt & Donovan, for appellee.

LAWSON CLONINGER, Judge. Appellant, Mary J. Askins, and appellee, Jimmy Askins, were married in 1975 and divorced on February 11, 1981. The transcript of testimony was lost by the court reporter, and on September 23, 1981, an effort was made to settle the record in accordance with Rule 6 of the Arkansas Rules of Appellate Procedure. Pursuant to Rule 6, statements were given by the attorneys for the parties, and affidavits were given by the appellant and appellee.

The trial court did not enter a formal order settling the record, but based its decision upon the statements of the attorneys, the affidavits of the parties, and the court's stated recollection of the testimony.

The burden was on appellant to bring up a record sufficient to show that the trial court was wrong. *Armbrust* v. *Henry*, 263 Ark. 98, 562 S.W.2d 598 (1978). The record in this case is not settled or reconstructed in such manner as to enable this court, in most instances, to determine if there were errors in the trial court. On all the points urged by appellant for reversal, with one exception, the finding of the trial court based upon conflicting evidence is not clearly erroneous, or clearly against the preponderance of the evidence, as required by Rule 52 (a), Arkansas Rules of Civil Procedure. We hold that the trial court was in error only in awarding ninety acres of land to appellee as his separate property when such property was held by the parties as tenants by the entirety.

On March 26, 1976, appellee's brother conveyed ninety-five acres of land in Logan County to appellant and appellee, at a time when the grantees were husband and wife. The land had been owned by appellee's family for a number of years, and there was evidence that title to the land at one time had been in appellee only. The parties executed a mortgage to Logan County Bank on the ninety-five acres on the same date the conveyance was made to them, and there was evidence that title was placed in both appellant and appellee at the insistence of the bank.

In the decree of divorce, the trial court declared five of the ninety-five acres of land to be marital property and ordered it sold for the payment of marital debts. There is no appeal from this order. The court then ordered the remaining ninety acres to be the sole and separate property of appellee, on a finding that appellee owned the property prior to the marriage.

It is clear from the exhibits and from the uncontroverted testimony that the deeds of March 26, 1976 created a tenancy by the entirety in appellant and appellee as husband and wife. Ark. Stat. Ann. § 34-1215 (Supp. 1981), provides that when a decree of divorce is rendered, any estate by the entirety shall be automatically dissolved unless the court order specifically provides otherwise, and in the division of the property the parties shall be treated as tenants in common.

This statute is the only authority for dividing estates by the entirety, and it provides for the equal division of property without regard to gender or fault. *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981).

The fact that Ark. Stat. Ann. § 34-1214 (Supp. 1981), the general property division statute, has been amended, does not affect the applicability of § 34-1215 when a tenancy by the entirety is involved.

The case is reversed and remanded with directions to the trial court to make a division or partition of the ninety acres of land in accordance with the provisions of Ark. Stat. Ann. § 34-1215 (Supp. 1981). In all other ways the case is affirmed.