Michael V. BRATCHER *v.* Gwendolyn F. BRATCHER

CA 81-407                                        635 S.W.2d 278

Court of Appeals of Arkansas
Opinion delivered June 30, 1982

*James P. Massie*, for appellant.

*J. R. Buzbee*, for appellee.

MELVIN MAYFIELD, Chief Judge: This is an appeal by Michael Bratcher from a divorce decree. The trial court found the parties owned their home as an estate by the entirety and gave appellee and the parties' minor child possession of the house with appellee being responsible for the mortgage payments and for the taxes and insurance.

We understand that the appellant contends the trial court erred in failing to order a sale of the home, although we are not sure of the basis of that contention. His one-page argument says the home is "marital property" and under Ark. Stat. Ann. § 34-1214 (Supp. 1981) "it is mandated that this property be distributed at the time of the divorce." In support of this assertion the appellant cites *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981) and *Bachman* v. *Bachman*, 274 Ark. 23, 621 S.W.2d 701 (1981). But *Warren* states, "We hold that Act 705 of 1979, § 34-1214 (Supp. 1979), is not applicable to property owned as tenants by the entirety." 273 Ark. at 534. And *Bachman* did not even involve an estate by the entirety.

In *Russell* v. *Russell*, 275 Ark. 193, 628 S.W.2d 315

(1982), the court said:

> Since the residence was owned by both parties as an estate by the entirety, it is not marital property which must be divided pursuant to Ark. Stat. Ann. § 34-1214. *Warren* v. *Warren,* 273 Ark. 528, 623 S.W.2d 813 (1981). The award of possession of the home to Mrs. Russell as provided in the decree is a reasonable application of a well recognized equitable remedy and is consistent with the Appellant's request at trial. *Schaefer* v. *Schaefer,* 235 Ark. 870, 362 S.W.2d 444 (1962); *Fitzgerald* v. *Fitzgerald,* 227 Ark. 1063, 303 S.W.2d 576 (1975); see also *Stevens* v. *Stevens,* 271 Ark. 248, 608 S.W.2d 17 (1980).

The appellant is mistaken in his contention that Ark. Stat. Ann. § 34-1214 required that the home owned as an estate by the entirety be sold at the time of the divorce. If he contends that the *evidence does not support* the chancellor's decision to award possession to the appellee and their minor child, we do not agree.

Affirmed.