Patsy Smith CRABB *v.* James E. SMITH

CA 83-37                                664 S.W.2d 510

Court of Appeals of Arkansas
Division II
Opinion delivered February 22, 1984

*Anthony W. Bartels* and *Val P. Price,* for appellant.

No brief for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant and appellee were married in 1960 and divorced in 1976. In the divorce action brought by the appellee, he was awarded custody of the parties' two minor children and possession of the family home. Title to the home was converted from a tenancy by the entirety to a tenancy in common. Appellant reopened the case in 1982 when she filed a petition for a change of custody of the remaining minor child and, in addition, requested partition of the home or, in the alternative, sale of the property and equal division of the proceeds. The custody matter was subsequently dropped and a hearing was held solely on the issue of partition. From a denial of her petition, appellant brings this appeal.

Appellant was not represented by counsel during the divorce proceeding although she was employed and presumably could have obtained an attorney. She filed a Waiver of Service and Entry of Appearance in which she specifically agreed that appellee was to have custody of the minor children; that he was to have possession of the family home; and that title to the home would be converted to a tenancy in common. The order denying partition is based on the finding that the agreement contained in the Waiver of Service and Entry of Appearance is a valid contract which the court cannot modify. The appellee has not filed a brief and our task is never made easier by a one-brief case.

We agree with the appellant's contention that the agreement in the Waiver of Service and Entry of Appearance was not the formal independent agreement which could be

enforced in a court of law and which the chancellor could not modify. It was signed by the appellant only and, in regard to possession of the home, it simply states, "It is further understood and agreed that the plaintiff is to be awarded possession of the home and that the home be made an Estate in Common." It seems clear that this is intended merely as a means of dispensing with proof on this issue and by its very terms is not designed to constitute an enforceable, independent contract. Thus, the agreement merges in the court's decree and could be changed. *See Armstrong* v. *Armstrong*, 248 Ark. 835, 454 S.W.2d 660 (1970); *Seaton* v. *Seaton*, 221 Ark. 778, 255 S.W.2d 954 (1953); *Holmes* v. *Holmes*, 186 Ark. 251, 53 S.W.2d 226 (1932).

This does not mean, however, that the court's decree should be changed. The appellant testified that she signed the agreement because she wanted to make sure that her children — whose custody she also agreed would be awarded to appellee — would have a place to stay. At the time of the hearing on the partition question, the parties' son was 13 years of age and still lived in the home with the appellee. There is no doubt that the chancellor had the right to place the appellee in possession of the home, even for life. *See Yancey* v. *Yancey*, 234 Ark. 1046, 356 S.W.2d 649 (1962). *See also Russell* v. *Russell*, 275 Ark. 193, 199, 628 S.W.2d 315 (1982) and *Bratcher* v. *Bratcher*, 5 Ark. App. 250, 635 S.W.2d 278 (1982). The court denied the appellant's petition for partition and in our de novo review of the record we find no change in circumstances to warrant a change in possession of the home. For that reason, we affirm the chancellor's decision.

COOPER and GLAZE, JJ., agree.