Wanda Jolene CUZICK and Joyce Ann PATRICK *v.* Fern LESLY

CA 85-165                                        700 S.W.2d 63

Court of Appeals of Arkansas
Division I
Opinion delivered December 4, 1985

*Niblock Law Firm*, by: *Walter R. Niblock*, for appellants.

*William A. Storey*, for appellee.

JAMES R. COOPER, Judge. The appellee's husband died on December 31, 1981, leaving a will which bequeathed all of his real and personal property to his children by a previous marriage, two of whom are the appellants in the case at bar. Two days after the funeral, the decedent's children and their spouses gathered at the appellee's residence for the purpose of reading the deceased's will and disposing of the assets of the estate. All the family assumed that title to the couples' residence was owned individually by the deceased. The decedent's son, who was the acting administrator of the estate, accompanied by one or two in-laws, went to an attorney's office to draft the documents necessary to transfer title to the residence to the names of the decedent's children. The attorney discovered that the property had been purchased by the decedent and the appellee as husband and wife, as tenants by the entirety. Thus, unbeknownst to the appellee, she was the sole owner of the residence upon her husband's death. Therefore, it was necessary for the appellee to quitclaim her interest in the property before title could be vested in the children.

The appellee was brought immediately to the attorney's office, where she signed the quitclaim deed to the property with the understanding that the house was hers as long as she lived. The appellee continued to live in the house until she moved into another house where she had been working as a housekeeper and maid. Apparently because of a need for additional income, the

appellee attempted to rent her former residence to an individual. The appellants objected to this and asserted their rights as the fee owners of the residence. Consequently, the appellee filed this action to cancel her quitclaim deed, alleging that the appellants induced her to execute the quitclaim deed.

After a trial on the merits, the chancellor found, *inter alia*, that the quitclaim deed was obtained from the appellee without consideration and without donative intent. The chancellor then set aside the quitclaim deed and vested title to the residence in the appellee. From that decision comes this appeal.

The appellants argue that the chancellor erred in cancelling the deed merely because it was not supported by consideration. This contention would have merit if there were no fraud, duress, or undue influence because, under such conditions, consideration is not necessary to sustain the validity of a deed under Arkansas law. *Goodwin* v. *Loftin*, 10 Ark. App. 205, 662 S.W.2d 215 (1984); *see also Ferguson* v. *Haynes*, 224 Ark. 342, 273 S.W.2d 23 (1954). In the case at bar, the chancellor found that none "of the children intended to deliberately do Mrs. Lesly [the appellee] wrong." Assuming the chancellor meant that there was an absence of fraud, undue influence, or duress, the deed need not have been supported by consideration in order to be valid.

However, the chancellor did not specifically find that the appellee was free from fraud, duress, or undue influence when she executed the quitclaim deed. Immediately after finding that the appellee "did not voluntarily and freely execute this deed," the chancellor set the deed aside, apparently relying on his determination that "nothing at all was made clear to her as to why she needed to go down to Mr. Everett's [the attorney who prepared the quitclaim deed] office." In other words, the chancellor found that the appellee was unintentionally deceived by the appellants' failure to fully clarify why the appellee's signature was necessary to transfer the property to the appellants. For this reason, we think the chancellor's holding is tantamount to a finding of constructive fraud.

We note that the appellants did attempt to educate the appellee as to her rights to the land. But considering the appellee's mental and physical condition at the time, as well as the other circumstances surrounding the title transfer, it is entirely under-

standable that the appellants' efforts proved unsuccessful. The appellee was over seventy years old at the time, and she suffered from cataracts as well as other infirmities. There was also evidence that she was in a somewhat addled state of mind, apparently grief-stricken over the recent death of her husband. Moreover, she was surrounded by her husband's children, and all parties appeared anxious to give effect to the last will and testament of the husband, even though the devise to the children was legally invalid.

The appellants were guilty of no moral wrong, but an act done or omitted may be construed as fraud by the court because of its detrimental effect, thereby justifying the setting aside of the deed or contract, irrespective of moral guilt. *Stewart v. Clark*, 195 Ark. 943, 115 S.W.2d 887 (1938). Intentional deceit is not an essential element of constructive fraud. *Id.* But, where an unintentional deception does in fact occur, as in the case before us, yielding a manifestly unjust result, the court of equity may step in and remedy the constructive fraud.

Although we review chancery cases *de novo*, we will not set aside the chancellor's findings of fact unless they are clearly erroneous or against the preponderance of the evidence. *Rose v. Dunn*, 284 Ark. 42, 679 S.W.2d 180 (1984); Ark. R. Civ. P. Rule 52(a). We agree with the chancellor that the appellee's free will was compromised, perhaps unintentionally, by the act or omissions of the appellants, which requires the setting aside of the deed.

Affirmed.

CLONINGER and GLAZE, JJ., agree.