Opal Bernice WAGONER *v.* Loy WAGONER

87-228                                    740 S.W.2d 915

Supreme Court of Arkansas
Opinion delivered December 7, 1987

*Peter DeStefano*, for appellant.

*Elcan & Sprott*, by: *Frank C. Elcan II*, for appellee.

Tom Glaze, Justice. This case involves the parties' divorce action as it pertains to the lower court's construction of Arkansas's marital property law, more particularly Ark. Stat. Ann. § 34-1214(B)(5) (Supp. 1985). On July 22, 1987, the Arkansas Court of Appeals, Division II, reversed the Newton County

Chancery Court's decision and, in doing so, held interest income accumulated from the petitioner Opal Wagoner's non-marital certificate of deposit accounts to be marital property. We granted petitioner's request for review of the court of appeals' decision pursuant to Ark. Sup. Ct. R. 29(1)(c) and (6). We affirm the court of appeals' decision.

Because the court of appeals chose not to publish its decision, we need first to relate the facts giving rise to this appeal. The parties were married for thirty-four years, and during that period, Opal Wagoner's parents gave her cash gifts which she invested in certificates of deposit bearing only her name and that of her son.[1] Those certificates earned interest during the marriage, totalling $19,224.75. About two months before the parties separated, Opal transferred all of her certificate funds, including interest, to her mother. However, her mother said that she intended to return those funds to Opal. Opal said she gave these monies to her mother because her husband, respondent Loy Wagoner, complained about having to pay her mother's taxes.

Opal Wagoner commenced this divorce action which resulted in the trial court's decree of divorce, which, in relevant part to this appeal, determined the certificates of deposit, both principal and interest, to be Opal's non-marital property and not subject to division. As noted earlier, that court's finding, as to the accumulated interest, was reversed by the court of appeals and is the sole issue presented in this review.

In holding that the accumulated interest income from Opal's certificates was marital property, the court of appeals relied on its earlier decision of *Speer* v. *Speer*, 18 Ark. App. 186, 712 S.W.2d 659 (1986). There, the court, in affirming the trial court, held that any accumulation of income—during the marriage—from the husband's non-marital property constituted marital property. The court rejected petitioner Opal Wagoner's argument that the *Speer* decision, which involved rental income earned on pre-

---

[1] We note that, throughout the proceeding below and on appeal, the parties treated the certificates of deposit as non-marital property and made no issue of the fact that the petitioner actually acquired the certificates during her marriage by use of the cash gifts from her mother. Thus, in this appeal, we accept without further comment the parties' treatment of the certificates as non-marital gifts from her mother.

marital farmland, was distinguishable from the facts here. She argued the rent income in *Speer* was marital property, but the interest paid here on her certificates merely represents an "increase in value" of property, which is excepted from Arkansas's marital property definition as set out under § 34-1214(B)(5). In rejecting the petitioner's argument, the court of appeals held that the interest accumulated and reinvested in the certificate of deposit accounts, earned during the parties' marriage, amounted to an accumulation of income within the meaning of *Speer*.

While we agree with the result reached by the court of appeals, we do so for a different reason. As can be discerned from the facts in this cause, the situation here involves a gift to the petitioner by her mother during the marriage and, therefore, presents a situation covered by § 34-1214(B)(1), rather than § 34-1214(B)(5). Under § 34-1214(B)(1), a gift acquired by a spouse is excepted from the definition of marital property, which definition otherwise includes all property acquired by either spouse subsequent to marriage. Thus, by statutory definition, a gift to a spouse is non-marital property. Section 34-1214(B)(1), however, does not except from the marital property definition any income from, or increased value of, a gift. That being so, we conclude that, in the instant case, the petitioner's interest earned from her certificates, during the period she was married to respondent, is marital property. Such a holding is consistent with this court's understanding of the marital property concept as we explained that concept in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984). In *Day*, this court held that *all* earnings or other property acquired by each spouse subsequent to marriage must be treated as marital property, unless falling within one of the statutory exceptions. *Day*, 281 Ark. at 268, 663 S.W.2d at 722.

Although we do not agree that § 34-1214(B)(5) applies or controls the facts at hand, we do agree with the court of appeals that the interest earned on petitioner's certificates during her marriage is income and marital property, and, therefore, that interest could not be said to represent an increase in value of non-marital property. Section 34-1214(B)(5) contains language identical to that found in the Uniform Marriage and Divorce Act. The Commissioner's note to that Act's (B)(5) provision states:

The phrase "increase in value" used in (B)(5) is not intended to cover the income from property acquired prior to the marriage. Such income is marital property.

Unif. Marriage and Divorce Act, § 307 (1970 Act).

We note that the Commissioner's comment concerning this same provision further states, "Similarly, income from other non-marital property acquired after the marriage is marital property."

■ While we find the Commissioner's note to the Uniform Act's (B)(5) provision to be clear on the subject, our research reveals that other jurisdictions, construing an identical (B)(5) provision, have uniformly held such income earned on pre-marital property to be marital property. *See Branson* v. *Branson*, 569 S.W.2d 173 (Ky. Ct. App. 1978); *In re Marriage of Bentivenga*, 109 Ill. App. 3d 967, 441 N.W.2d 336 (1982); *In re Marriage of Reed*, 100 Ill. App. 3d 873, 427 N.E.2d 282 (1981); *In re Marriage of Williams*, 639 S.W.2d 236 (Mo. Ct. App. 1982); *Cain* v. *Cain*, 536 S.W.2d 866 (Mo. Ct. App. 1976). Thus, even under petitioner's theory of this case, the interest she earned on her certificates of deposit would be marital property and, therefore, distributable as such.

In conclusion of our review of the court of appeals' decision and *de novo* review of the proceeding below, we find that the petitioner's certificates of deposit were gifts under § 34-1214(B)(1). However, because the interest earned on those exceptions listed in § 34-1214(B), we hold that interest to be marital property (income), as that all inclusive term is defined by Arkansas's statutory law.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I believe the chancellor was correct in holding that the increase in the certificates of deposit remained the separate property of the wife because the certificates themselves were the result of cash gifts from her parents. The parents gave their daughter sums of money which were invested in CD accounts bearing only her name and that of her son. When interest payments accrued, the payments were simply turned back into another CD. In my opinion the growth in the CD account remained the separate property of the wife.

If the parents had given their daughter a block of gold and it had increased in value, I am sure this court would not treat the increase as marital property. Obviously the growth in value of the block of gold could not be considered income or marital property. It is easy to see that such increase is still separate property. Likewise, the CD account has grown and the interest, as well as the principal, remains non-marital property.

We have today taken a considerably different position, in my opinion, than we did in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984); and *Layman* v. *Layman*, 292 Ark. 539, 731 S.W.2d 771 (1987). I think the majority misinterprets *Day* because the specific holding in *Day* is: "What we do hold is simply that earnings or other property acquired by each spouse must be treated as marital property, unless falling within one of the statutory exceptions, and neither one can deprive the other of any interest in such property by putting it temporarily beyond his or her own control, as by the purchase of annuities, participation in retirement, or other device for postponing full enjoyment of the property." I agree with this statement in *Day* because it holds that *earnings* or property acquired by either spouse must be considered marital property unless the statute provides otherwise. Since this property was acquired by gift, it is an exception within the meaning of the statute.

In the *Layman* case, the husband had received both preferred and common stock in a corporation during the marriage. The value of both classes of stock increased by more than a quarter of a million dollars, yet this court held that the preferred stock and its increase remained the separate property of the husband since it had been received by gift from his parents during the marriage. On the other hand, the increase in the value of the common stock was held to be marital property because it was issued by the corporation to the husband, and apparently was based upon his efforts and skill in managing a profitable business. It was not a gift from his parents like the preferred stock.

Growth is not earnings. The growth in the present case is not the result of any skill or effort on the part of either spouse. This growth resulted from factors other than the ability or earning capacity of either party. Neither is it income from real property, which was held to be marital property in *Speer* v. *Speer*, 18 Ark.

App. 186, 712 S.W.2d 659 (1986). Money received from the rental of property is certainly income acquired by the parties during the marriage. It is a result of the efforts and agreement of the parties. Sometimes, it seems to me, that courts strain at a gnat but swallow a camel. The legislature no doubt intended for common sense and logic to apply in cases where a statute does not specifically cover the exact factual situation before the court. The majority opinion admits that the law does not specifically require that the increase in these certificates of deposit be treated as income or that it be treated as marital property. The *Speer* decision was expressly within the terms of the statute. The majority opinion quotes from the Commissioner's Note to the Uniform Act as follows:

> The phrase "increase in value" used in (b)(5) is not intended to cover the income from property acquired prior to the marriage. Such income is marital property.

Income from property received prior to the marriage as in *Speer* or income from property acquired by gift during the marriage is no different than the wages earned by the parties during marriage. It is obviously marital property. However, the growth in the value of the property should remain the separate property of the party who acquired it as a gift. It obviously would if the gift were to depreciate in value.

We frequently affirm cases for reasons other than those cited by the trial court. Certainly it seems to me that the chancellor was right but he may have given the wrong reason. The *Day* opinion has been relied upon as a cure for all ills; it is not. *Day* specifically stated that we did not attempt to lay down inflexible rules for the future. We stated: "To the contrary, § 34-1214 allows leeway for the exercise of the chancellor's best judgment, for it provides that all marital property shall be divided equally 'unless the court finds such a division to be inequitable.' " It is apparent from the chancellor's decree in the present case that he did weigh the equities when he considered the increase in value of the wife's gift from her parents. Therefore, even if not specifically provided for by the statute, the statute specifically leaves such matters to the discretion of the trial court.

As previously stated, the marital property statute does not specifically cover the issue before the court. However, by implica-

tion, the increase in the value of the gift remains separate property. Moreover, I do not believe the chancellor's decision was an abuse of discretion.

I would affirm the chancellor.