Joe B. REED *v.* Leanne REED

CA 87-118                          749 S.W.2d 335

Supreme Court of Arkansas
En Banc
Opinion delivered May 4, 1988

*William Isaacs*, for appellant.

*Lanny K. Solloway*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Washington County Chancery Court. Appellant, Joe B. Reed, appeals from a divorce decree finding certain personal property to be the separate property of the appellee, Leanne Reed, and not subject to division upon divorce. We affirm in part, reverse in part, and remand.

Following the death of her father, appellee deposited money from her inheritance into a money market account and a savings account both in the joint names of the parties. Prior to filing for divorce, appellee withdrew part of the funds from the money market account and all of the funds from the savings account, and deposited them along with other funds into an account in her separate name. The chancellor found the balance of the funds in the money market account and the account in the separate name of appellee to be the sole property of the appellee and not subject to division upon divorce.

Appellant contends that the trial court erred in awarding to the appellee, in division of property on divorce, the proceeds of the joint account and the account in the sole name of appellee created just prior to the filing of this action.

The two accounts with which this appeal is concerned, are money market investment accounts. The first account, an account in the joint names of the parties, is made up of appellee's inheritance, proceeds under a contract for sale of real property inherited by appellee, and interest and dividends earned thereon. The second account, opened in the separate name of appellee in contemplation of divorce, contains funds from several sources including a jointly held savings account, appellee's salary check, a stipend, one month's proceeds under a contract for sale of real property inherited by appellee, and funds withdrawn from the first money market account described above. The chancellor awarded the remainder of the funds in the first account and all of the funds in the second account to appellee as her sole property.

For reversal, appellant essentially contends that by placing the funds which she inherited in accounts bearing joint names, appellee created a tenancy by the entirety in the funds and that

they must be divided pursuant to Arkansas Statutes Annotated § 34-1215 (Supp. 1985). We agree.

## I.

First, we deal with the account held in joint names. The law applicable to personal property held by the entireties, accounts in particular, was recently clarified in *Lofton* v. *Lofton*, 23 Ark. App. 203, 745 S.W.2d 635 (1988). We recognize that the chancellor did not have the benefit of the *Lofton* precedent, but we find it to be controlling in the case at bar.

In *Lofton*, funds inherited by the husband were placed into certificates of deposit in the joint names of the parties. There, we held that once property is placed in the names of persons who are husband and wife without specifying the manner in which they take, there is a strong presumption that the property is owned by the parties as tenants by the entirety. *Id.* at 209-10, 745 S.W.2d at 639. We stated that the presumption may be overcome only by clear and convincing evidence that the spouse did not intend to make a gift of one-half interest to the other spouse. *Id.*

Clear and convincing evidence has been defined as evidence so clear, direct, weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitance, of the matter asserted. *Id. See also Glasgow* v. *Greenfield*, 9 Ark. App. 224, 657 S.W.2d 578 (1983). Because we review chancery cases *de novo* and reverse the chancellor's findings only if they are clearly erroneous or clearly against the preponderance of the evidence, *Cuzick* v. *Lesly*, 16 Ark. App. 237, 700 S.W.2d 63 (1985), the issue before us is whether the chancellor's finding that appellee overcame the presumption that the account was held by the entirety by clear and convincing evidence, is against a preponderance of the evidence.

Upon our careful review of the record, the only evidence presented by appellee to rebut the presumption that she intended to make a gift was that appellant had never used any of the funds and that he was "not allowed" to do so. This evidence falls far short of the quantum of proof required to rebut the existing presumption, especially in light of appellant's testimony that he had not used the funds because they had been set aside for major

purchases, none of which were made during the life of the account. Therefore, we hold that the chancellor's finding that the balance of the joint money market account was appellee's sole property, is clearly against the preponderance of the evidence. We remand for the chancellor to modify his judgment to reflect that said account was owned by the parties as tenants by the entireties prior to divorce and to divide the account pursuant to Ark. Stat. Ann. § 34-1215 (Supp. 1985).

Finally, we review the division of the account which appellee opened in her separate name just prior to the filing of this action. The record reflects that the account consisted of the following:

| | |
|---|---|
| $ 1,155.07 | Appellee's salary check |
| 100.00 | Appellee's stipend |
| 3,372.56 | Proceeds inherited by appellee under contract for sale of real property[1] |
| 7,496.27 | Funds withdrawn from jointly held savings account |
| 9,420.86 | Funds withdrawn from the joint money market account discussed above |
| 503.95 | Interest, Dividends, etc. |
| $22,048.71. | Total account value |

Because the funds used to establish the separate account came from several sources, individual consideration of each item is required.

First, appellee's salary check and stipend, earned subsequent to the marriage, are clearly marital property, see Day v. Day, 281 Ark. 261, 663 S.W.2d 719 (1984), and should have been divided pursuant to Arkansas Statutes Annotated § 34-1214 (Supp. 1985). His findings that the amounts were the sole property of appellee are clearly against a preponderance of the evidence. On remand, the amounts should be divided pursuant to Ark. Stat. Ann. § 34-1214 as the chancellor believes the equities require.

---

[1] Apparently, prior to his death, appellee's father executed contracts for the sale of several tracts of real property under which he received periodic payments until his death. The right to receive a percentage of these proceeds was inherited by appellee.

■ The proceeds inherited under contracts for the sale of real properties are not marital property as defined in Ark. Stat. Ann. § 34-1214. Nor are they held as tenants by the entirety since appellee did not deposit them into an account so held. We therefore affirm the chancellor's decision that this amount is the sole and separate property of appellee.

■ Funds were also deposited from a savings account which was held by the parties jointly. The evidence reveals that this account was used primarily for convenience in conjunction with the jointly held money market account described above to hold the monthly proceeds under contracts of sale prior to depositing them in the money market account. The presumption that the savings account was held by the entirety arises here also. The only evidence presented by appellee to rebut the presumption was that she was the only one who used the account and that appellant had nothing to do with depositing or withdrawing from the account. Again, this evidence fails to reach the quantum of proof required to overcome the presumption and the account is deemed to have been held by the entirety. Therefore, the funds withdrawn from the savings account held as tenancy by the entirety in contemplation of divorce should have been divided pursuant to Ark. Stat. Ann. § 34-1215. *See, Lofton* at 207, 745 S.W.2d at 638-39. Likewise, the funds withdrawn from the money market account held as tenants by the entirety and deposited into appellee's separate account should have been divided under the same statute. *Id.*

## II.

■ Finally, treatment of a portion of the interest and dividends earned on appellee's separate account is governed by the supreme court's recent decision of *Wagoner* v. *Wagoner*, 294 Ark. 82, 740 S.W.2d 915 (1987). Although our above disposition necessarily means that some of the interest was earned on non-marital property, some on marital property and some on tenancy by the entirety property, *Wagoner* holds that interest earned on non-marital property is marital property and is divided pursuant to Ark. Stat. Ann. § 34-1214. Therefore, on remand, the chancellor is to determiné the interest and dividends earned on: (1) non-marital property (proceeds from the real estate contract never deposited into a joint account) and divide them pursuant to

*Wagoner* under § 34-1214; (2) marital property (salary and stipend) and divide them as marital property pursuant to § 34-1214; and (3) tenancy by the entirety property (funds from joint savings and joint money market accounts) and divide them as tenancy by the entirety property pursuant to § 34-1215. If the interest from the funds cannot be characterized, the chancellor should divide all interest and dividends pursuant to § 34-1214, since all were earned subsequent to marriage.

Affirmed in part, reversed in part, and remanded.

CRACRAFT and MAYFIELD, JJ., concur as to part II.

COOPER, J., dissents as to part II.

JENNINGS, J., dissents as to part I.

GEORGE K. CRACRAFT, Judge, concurring. I agree with the conclusions announced in the majority opinion. I would, however, amplify its concluding paragraph to state more clearly what I understand our holding to be. As I understand our decision, we determined that, in order to be consistent, we should adhere to the traditional distinctions made between property held as tenants by the entireties and all other estates. Thus, we hold that income from marital and non-marital property will be divided on divorce as marital property under the provisions of Ark. Stat. Ann. § 34-1214 (Supp. 1985). Income earned during the marriage from entireties property will be treated the same as all other assets held by the entireties and divided on divorce in accordance with the provisions of Ark. Stat. Ann. § 34-1215 (Supp. 1985).

MAYFIELD, J., joins in this concurrence.

JAMES R. COOPER, Judge, dissenting in part. I agree with the majority opinion as to the first point. However, I do not agree with the majority conclusion that income earned from entireties property is to be treated as are other assets held as tenants by the entirety and divided under Ark. Stat. Ann. § 34-1215 (Supp. 1985).

In *Wagoner* v. *Wagoner*, 294 Ark. 82, 740 S.W.2d 915 (1987), the Arkansas Supreme Court dealt with income earned during the marriage on non-marital property which was acquired subsequent to the marriage. In *Wagoner*, the court explained its holding in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), and

stated:

> In *Day*, this court held that *all* earnings or other property acquired by each spouse subsequent to marriage must be treated as marital property unless falling within one of the statutory exceptions. *Day*, 281 Ark. at 268, 663 S.W.2d at 722.

*Wagoner*, 294 Ark. at 84, 740 S.W.2d at 916. The majority cites no exception in Ark. Stat. Ann. § 34-1214 (Supp. 1985) which would remove this type of income from inclusion under § 34-1214 as marital property. The majority simply concludes that § 34-1215 governs.

I dissent.

JOHN E. JENNINGS, Judge, dissenting. The majority opinion is based upon two propositions: first, that jointly held bank accounts are divisible in divorce under Ark. Stat. Ann. § 34-1215 and, second, that when a spouse deposits his or her separate funds in a jointly held bank account, a strong presumption of gift arises. For reasons explained in my dissent in *Lofton* v. *Lofton*, 23 Ark. App. 203, 745 S.W.2d 635 (1988), I disagree with both propositions. The chancellor's decision should be affirmed.