Charlotte M. HODGES *v.* Jerry G. HODGES

CA 88-304                                    770 S.W.2d 164

Court of Appeals of Arkansas
En Banc
Opinion delivered May 10, 1989

252

affirmed in part; reversed and remanded in part.

*Highsmith, Gregg, Hart, Farris and Rutledge*, by:

*Josephine L. Hart*, for appellant.

*James A. McLarty*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Jackson County Chancery Court. Appellant, Charlotte M. Hodges, appeals from a decree granting divorce in favor of appellee, Jerry G. Hodges, and dividing the parties' property. We affirm in part and reverse and remand in part.

Appellee filed a complaint on April 20, 1988, seeking absolute divorce from appellant on the grounds of general indignities. Appellant answered and counterclaimed for divorce. A hearing was held on June 13, 1988, and a decree of divorce was entered on June 20, 1988, granting divorce in favor of appellee and dividing the parties' property. From the decree comes this appeal.

For reversal, appellant raises two points: (1) The chancellor erred in granting a divorce to appellee on the grounds of general indignities; and (2) the court erred in its division of the property by: (a) ordering the capital stock of the business sold and by giving appellee exclusive possession of the business; (b) ordering appellant surcharged for moneys she received legally; (c) awarding possession of the marital home to appellee; and (d) awarding an automobile to a non-party to the case. We address her points in order.

First, appellant argues that the chancellor erred in granting a divorce to appellee on the grounds of general indignities. She essentially contends that appellee failed to introduce sufficient evidence to prove he was entitled to a divorce based upon general indignities. She also argues that the necessary corroboration was lacking as to residence, separation, and grounds.

Prior to the taking of testimony at the hearing, appellant's attorney indicated that grounds for divorce would not be contested. However, despite the fact that grounds were uncontested, existing statutory law does not permit a spouse to stipulate to or waive grounds for divorce. *Harpole v. Harpole*, 10 Ark. App. 298, 664 S.W.2d 480 (1984). Regardless of whether a divorce is contested or uncontested, the injured party must always prove his or her ground(s) for divorce as set forth in Arkansas Code Annotated Section 9-12-301 (1987). *Id.* at 302, 664 S.W.2d at

482.

Appellee's complaint for divorce was sought based upon Arkansas Code Annotated Section 9-12-301(4) (1987) which provides that divorce may be granted where either party shall offer such indignities to the other so as to render his or her condition intolerable. Appellee testified that much of the disharmony arose over appellant's spending habits. He testified that on several occasions, appellant forged his name, without authorization, on checks drawn on a personal account held in his name only. Further testimony revealed that appellant purposely stubbed or recorded a check as $10.00, when the check had been written for $10,000 on the business account, and withdrew a total of approximately $16,200 from the business account causing overdrafts and placing a financial hardship on the family business. Other evidence was also introduced regarding irregular conduct by appellant in connection with the business. The parties' twenty-four-year-old daughter testified that appellant made accusations in her presence on numerous occasions that appellee was having an affair with a third party, and of misconduct with yet another. Appellant offered no basis for the accusations made. It has been said that the charge of sexual promiscuity or infidelity is probably the most offensive charge one spouse can make against the other, and it has been held that to make such a charge without basis is an indignity entitling the person charged to a divorce. *Relaford* v. *Relaford*, 235 Ark. 325, 359 S.W.2d 801 (1962). Although the appellate court reviews chancery cases *de novo*, it will not set aside the chancellor's findings of fact unless they are clearly erroneous or against the preponderance of the evidence. *Cuzick* v. *Lesly*, 16 Ark. App. 237, 700 S.W.2d 63 (1985). Upon our *de novo* review, we cannot say that the chancellor was clearly erroneous in finding sufficient proof of general indignities.

With regard to appellant's arguments concerning corroboration, as noted above, the parties agreed that grounds for divorce would not be contested. In uncontested divorce suits, corroboration of plaintiff's grounds for divorce is not necessary or required. Ark. Code Ann. § 9-12-306(a) (1987).

Appellant also argues that because the parties continued to reside in the martial home until and after the divorce was granted, appellee's testimony that they lived separate and

apart under the same roof must be corroborated. We disagree. Corroboration of separation is not necessary in the instant case. Separation is not an element which must be affirmatively proved by the plaintiff for divorce based upon general indignities. The only grounds for divorce which require the plaintiff to make a prima facie showing of separation are found in subsections six and seven of 9-12-301. Subsection six provides as a ground for divorce, the separation without cohabitation of the parties for three consecutive years. Subsection seven has a similar requirement, but deals specifically with separation for three years caused by inexcusable insanity. None of the other grounds for divorce require a showing of separation. *See* Ark. Code Ann. § 9-12-301 (1987). Although section 9-12-306(c)(1) requires that proof of separation and continuity of separation without cohabitation be corroborated, we construe the reference to relate only to those grounds found in Arkansas Code Annotated Sections 9-12-301(6) and (7) in which separation without cohabitation is an element, or cases in which cohabitation is an affirmative defense.

Although we have established that appellee was not required to make a prima facie showing of separation under Section 9-12-301(4), the defense of condonation could have been asserted by appellant. Condonation is a conditional rather than an absolute defense. *Coffey* v. *Coffey*, 223 Ark. 607, 267 S.W.2d 499 (1954). Cohabitation after marital misconduct is evidence of condonation but standing alone is not conclusive. *Elerson* v. *Elerson*, 6 Ark. App. 255, 640 S.W.2d 460 (1982). "[M]arital relations between litigants does not create a jurisdictional deficit, but merely creates an affirmative defense in the hands of either party *which must be raised*." *Ford* v. *Ford*, 270 Ark. App. 349, 605 S.W.2d 756 (Ct. App. 1980) (emphasis in original). Appellant neither pled the affirmative defense, nor raised it before the chancellor. Because separation without cohabitation was not an element of appellee's prima facie case, and appellant did not raise an affirmative defense based on cohabitation, corroboration of separation was not required in the case at bar.

Finally, as to corroboration of residency, we agree that residency must be proven and corroborated in every instance, *see* Ark. Code Ann. §§ 9-12-307(a) and 9-12-306(c)(1) (1987), despite admission by a defendant. Ark. Code Ann. § 9-12-305 (1987). The purpose of the rule requiring corroboration is to

prevent the procuring of divorces though collusion, and when it is plain that there is no collusion, the corroboration required only needs to be slight. *Anderson* v. *Anderson*, 234 Ark. 379, 352 S.W.2d 369 (1961). On the record before us we find no indication of collusion.

Appellee testified that he had been a resident of Jackson County, Arkansas, for more than sixty days prior to the filing of the action and that the parties owned one hundred acres of land in Jackson County, Arkansas, upon which the marital home sat. Deeds evidencing ownership and location of the property were entered into evidence. The parties' twenty-four-year-old daughter also testified that she lived with her parents in the marital home throughout three years of disharmony, and until and after the filing of the action. The deeds showing that the parties' only real property was located in Arkansas coupled with the daughter's testimony that she resided in the marital home with both parties, was sufficient to corroborate appellee's testimony that he was an Arkansas resident. We cannot say that the chancellor was clearly erroneous in finding that residence had been proven and corroborated.

In her second point for reversal, appellant raises several issues regarding the chancellor's distribution of property. First, it is argued that the chancellor erred in ordering the capital stock of the business sold. We agree.

The record reveals that at the time of this action, each party owned fifty percent of the capital stock issued by Bill's IGA Foodliner #2, Inc., which constituted marital property. The chancellor ordered that if the parties could not mutually agree to terms and conditions privately regarding the capital stock, that it was to be sold at public sale by the court clerk.

Arkansas Code Annotated Section 9-12-315 (1987) governs the division of marital property. Subsection (a)(4) of 9-12-315 provides as follows:

> (4) When stocks, bonds, or other securities issued by a corporation, association, or government entity make up part of the marital property, the court shall designate in its final order or judgment the specific property in securities to which each party is entitled, or after determining the fair

market value of the sureties, may order and adjudge that the securities be distributed to one party on condition that one-half (½) the fair market value of the securities in money or other property be set aside and distributed to the other party in lieu of division and distribution of the securities.

This section states that the court shall (1) designate the specific property in securities to which each party is entitled; or (2) may order and adjudge that the securities be distributed to one party and the other party receive one-half of the fair market value of the securities in money or other property. The chancellor did neither and ordered sale of the stock if the parties failed to reach an agreement. Sale of the stock is not authorized by the statute and the chancellor's decree must be reversed in that regard. On remand, the chancellor must divide the stock in one of the two authorized manners, whether that division be equal or unequal. Ark. Code Ann. § 9-12-315 (1987).

[16] Appellant also argues that the court erred in awarding appellee exclusive possession of the business because no equitable reason existed for the court to take action regarding the parties' business. We disagree. The record reflects that appellant was causing hardship upon the business by withdrawing substantial sums of cash from its account. Further, appellee testified that prior to the hearing appellant removed from the premises certain business records necessary to prepare quarterly tax returns, the business checkbook, and the records concerning sales history. We believe the chancellor's finding that appellee should be put in exclusive control of the business is amply supported by the record.

Next, appellant argues that the chancellor erred in surcharging her for certain expenditures made from corporate funds prior to the filing of the divorce action. The chancellor has broad powers to distribute the property in order to achieve an equitable division, *Williford* v. *Williford*, 280 Ark. 71, 655 S.W.2d 398 (1983), and may order credits and set-offs as appear equitable and just. *See Marshall* v. *Marshall*, 285 Ark. 426, 688 S.W.2d 279 (1985). The record reflects that appellant withdrew approximately $16,000 from the corporate account, outside the ordinary course of business for personal use, during the two month period immediately preceding the filing for divorce.

Although each party had a fifty percent interest in the corporation, that interest also constituted marital property. While we agree that appellant had a legally recognized interest to share in the profits, and arguably to make the withdrawals, that does not mean that the funds withdrawn cannot be surcharged against the interest in the marital property to which she was entitled. The surcharge by the chancellor was an attempt to comply with his intent to make an equal distribution of the marital property. The chancellor had extensive evidence before him regarding the financial condition of the business and the other marital property. We cannot say that he was clearly erroneous in finding that the surcharge was necessary to affect an equal distribution of the parties' property.

Appellant also contends that the chancellor erred in granting possession of the marital home to appellee without stating its basis and reasons as required for an unequal division under Arkansas Code Annotated Section 9-12-315(a)(1)(B) (Supp. 1987). We cannot agree. The chancellor ordered that unless the parties mutually agreed to a sale of the home within six months from the date of the decree, the property would be sold at public sale by the court clerk. He further provided that, whether by public or private sale, proceeds from the sale were to be divided equally between the parties. Appellee was put in possession of the home pending sale. The fact that appellee was granted possession of the home does not result in an unequal division of property in the case at bar. The trial court has the discretion to award possession of the homestead to either spouse upon terms found equitable and just. *Schaefer* v. *Schaefer*, 235 Ark. 870, 362 S.W.2d 444 (1962). The award of possession made by the chancellor was a temporary measure pending sale, and we cannot say that the chancellor abused his discretion in finding that such an award was equitable.

Finally, appellant argues that the court erred in awarding an automobile to the parties' daughter because she was not a party to the action. The chancellor heard testimony from both parties and the daughter regarding ownership of the automobile in question. In support of her position, appellant sets out in her brief the following language from *Copeland* v. *Copeland*, 2 Ark. App. 55, 616 S.W.2d 773 (1981):

We also agree with appellant that the chancellor erred in awarding disputed items of personal property to the son of the parties who was not himself a party to the action. Third parties may be brought into, or intervene in, divorce actions for the purpose of clearing or determining the rights of the spouses in specific properties. [Citation omitted]. In this case neither was done.

However, had appellant read further, the court also stated, "The court might also have simply found that the disputed property belonged to neither contending spouse."

In the instant case, the chancellor held that all property owned by the parties should be divided equally with the exception of certain property not part of this appeal, and "a Mercury automobile which, although titled in the plaintiff's name, is in truth and in fact, the property of Michelle Hodges, the adult daughter of the parties." The chancellor did not "award" the automobile to the daughter. He merely found that the property belonged to neither contending spouse. We find no merit in appellant's argument.

Affirmed in part; reversed and remanded in part.

JENNINGS, J., concurring in part and dissenting in part.

JOHN E. JENNINGS, Judge, concurring in part, dissenting in part. In my view Ark. Code Ann. § 9-12-315(a)(4) does not preclude the chancellor from ordering a sale of stock. While it is true that the statute does not specifically authorize a sale, it is just as true that § 9-12-315 does not specifically authorize the sale of any personal property. We know, of course, that chancellors order the personal property of the parties sold quite frequently — chancery certainly has the inherent authority to do so, apart from statute.

Here the court did, in language of § 9-12-315(a)(4) "designate in its final order" "the specific property and securities to which each party is entitled. . . ." It then ordered that property sold, unless the parties could arrive at an agreement on the stock. I do not understand why the court lacked the power to fashion this seemingly appropriate remedy.

I would affirm.