James Russell McLAIN *v.* Norma Jean McLAIN

CA 91-84                                    820 S.W.2d 295

Court of Appeals of Arkansas
Division I
Opinion delivered December 18, 1991

*Randell Templeton*, appellant.

*Honey & Honey, P.A.*, by: *Charles L. Honey*, for appellee.

JAMES R. COOPER, Judge. The parties to this chancery case were married in July 1966. Subsequent to their separation in November 1989, the appellee filed a complaint seeking a decree of divorce and equitable division of property. After a hearing, in a decree entered on November 21, 1990, the chancellor granted the appellee's prayer for divorce and division of property. From that decision, comes this appeal.

For reversal, the appellant contends that the chancellor erred in finding that certain securities were the appellee's separate, non-marital property; and in making an unequal division of the parties' marital property without stating its basis and reasons for not dividing the marital property equally in the decree. We agree with the appellant's first argument and, therefore, we reverse and remand.

The record shows that, when the appellee was fourteen years old, she inherited stock from her father; the appellee continued to hold the stock until 1986 when, during the marriage, she sold the stock for $50,000.00. The appellee also received a gift of three acres of land on Lake Hamilton from her mother in 1977, which she sold in 1984 for $90,000.00. The appellee also inherited from her parents treasury notes in the amount of $15,000.00, some U.S. Bonds valued at approximately $500.00, and approximately

$3,000.00 in a checking account. The proceeds from the properties were placed in the parties' joint bank account and remained in that account for approximately nine months to one year. The parties then withdrew $125,000.00 from the joint accont to purchase securities in the names of both the parties. In its decree, the chancery court found:

> That the stocks, bonds and securities are specifically found by the court to be property which was purchased by inherited funds by Norma Jean McLain and under the principle of tracing are found not to be marital property; therefore, the same should be, and are hereby, found to be the sole and separate property of Norma Jean McLain.

The appellant argues that the stocks, bonds, and securities were held by the parties as a tenancy by the entirety, and that the chancellor therefore erred in finding that they were the appellee's separate, non-marital property. We agree.

Arkansas Code Annotated § 9-12-317(a) (Repl. 1991) is the only authority for dividing estates by the entirety, and it provides for the equal division of property without regard to gender or fault. *Askins* v. *Askins*, 5 Ark. App. 64, 632 S.W.2d 249 (1982). In the case at bar, it is undisputed that the stocks, bonds, and securities were held in the parties' joint names. In *Lofton* v. *Lofton*, 23 Ark. App. 203, 745 S.W.2d 635 (1988), we held that once property, whether personal or real, is placed in the names of persons who are husband and wife without specifying the manner in which they take, there is a presumption that they own the property as tenants by the entirety and clear and convincing evidence is required to overcome that presumption.[1] Clear and convincing evidence is evidence by a credible witness whose memory of the facts about which he testifies is distinct, whose narration of the details is exact and in due order, and whose testimony is so direct, weighty, and convincing as to enable the fact finder to come to a clear conviction, without hesitation, of the truth of the facts related. *First National Bank* v. *Rush*, 30 Ark. App. 272, 785 S.W.2d 474 (1990). On review, the issue is whether

---

[1] We note that the present case does not present issues concerning the ownership of checking accounts, savings accounts, or certificates of deposit held in the names of two or more persons. *See* Ark. Code Ann. § 23-32-1005 (1987).

the chancellor's finding that the appellee overcame the presumption that the account was held by the entirety by clear and convincing evidence, is against a preponderance of the evidence. *Reed* v. *Reed*, 24 Ark. App. 85, 749 S.W.2d 335 (1988).

■■ In the case at bar, the appellee's separate funds were placed in a joint account and remained there for a period of nine months to one year before being withdrawn and used to purchase the stocks, bonds, and securities at issue. Although it is conceded that the stocks, bonds, and securities were purchased primarily with funds ultimately derived from the appellee's separate property, that does not end the inquiry. The fact that money or other property may be traced into different forms is an important matter, but tracing is merely a tool, a means to an end, and not an end in itself. *Canady* v. *Canady*, 290 Ark. 551, 721 S.W.2d 650 (1986). Because the stocks, bonds, and securities at issue were purchased and held in the parties' joint names, the overriding question in the case at bar is whether the appellee presented sufficient evidence to overcome the presumption that the parties owned the property as tenants by the entirety. *See Lofton* v. *Lofton, supra*. We hold that she did not. The appellee testified at the hearing that the parties filed joint income tax returns throughout the time that they were married, and that those returns listed the income and dividends from the investments as joint property. There was also evidence that, beginning in 1984, the appellant overwithheld state and federal income taxes from his paycheck to avoid the need to file estimated taxes or pay a large lump sum tax payment on the securities and other things at the end of the year. The only evidence presented by the appellee to rebut the presumption that she intended to make a gift was her testimony that she always thought of the stocks, bonds, and securities as being her property and that the appellant was entitled to the income or whatever the income could buy as long as he was married to her. To this, the appellee added that "like most married people we considered them all for one and one for all." Given the relatively long period of time that the appellee's separate funds were commingled in the joint account, and the evidence that marital funds derived from the appellant's paycheck were used to meet the tax consequences stemming from ownership of the stocks, bonds, and securities at issue, we think that the appellee's contradictory statements concerning her

intent in placing the stocks, bonds, and securities in the joint names of the parties falls short of the quantum of proof required to rebut the presumption that the property is owned by the parties as tenants by the entirety. *See Reed* v. *Reed*, 24 Ark. App. 85, 749 S.W.2d 335 (1988). We hold that the chancellor erred in finding that the stocks, bonds, and securities were the appellee's separate property, and we remand for the chancellor to modify his judgment to reflect that these properties were owned by the parties as tenants by the entireties prior to divorce and to divide the properties pursuant to Ark. Code Ann. § 9-12-317 (Repl. 1991).

On *de novo* review of a fully developed chancery record, where we can plainly see where the equities lie, we may enter the order which the chancellor should have entered. *Bradford* v. *Bradford*, 34 Ark. App. 247, 808 S.W.2d 794 (1991). However, because our holding in this case affects a significant portion of the parties' marital property and constitutes a substantial deviation from the property division ordered by the chancellor, and because we cannot on this record plainly see where the equities lie, we think the interests of justice will be better served by remanding the case for a complete resolution of the property rights of these parties in a manner consistent with this opinion. In conducting such further proceedings, the chancellor will not be bound by his prior determination regarding the relative share of the marital estate to be awarded to each of the parties, and may permit the introduction of such additional evidence as is necessary for the just resolution of the issues. *See Dunn* v. *Dunn*, 35 Ark. App. 89, 811 S.W.2d 336 (1991).

Reversed and remanded.

DANIELSON and MAYFIELD, JJ., agree.